UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

KEVIN FERNANDEZ,

        Plaintiff,                    Case No. 3:06-cv-00628-LRH-RAM

vs.

                                      **ORDER**

STATE OF NEVADA, *et al.*,

        Defendants.

This is a civil rights action brought *pro se* by Kevin Fernandez. Plaintiff filed a civil rights complaint pursuant to 42 U.S.C. § 1983 (#5). The Court determined that counts one, five, and six of the complaint did not state viable claims for relief, and dismissed those claims with prejudice (#72). Thereafter, the Court granted the plaintiff's motion for leave to amend the complaint (#153). The Court screened plaintiff's second amended complaint (#154), found that counts one and six of the second amended complaint did not state viable claims for relief, and dismissed those claims with prejudice (#155). On May 19, 2009, the Court granted the plaintiff's motion for leave to amend the complaint (#305) and the plaintiff submitted his third amended complaint (#306). The court now screens plaintiff's third amended civil rights complaint.

**I.    Screening Standard Pursuant to 28 U.S.C. § 1915A**

The court must screen the complaint pursuant to 28 U.S.C. § 1915A. Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such

1  relief. *See* 28 U.S.C. § 1915A(b)(1),(2). Pro se pleadings, however, must be liberally construed.
2  *Balistreri v. Pacifica Police Dep't*, 901 F.2d. 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C.
3  § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws
4  of the United States was violated, and (2) that the alleged violation was committed by a person acting
5  under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

6        In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation
7  Reform Act of 1995 (PLRA), a federal court must dismiss a prisoner's claim, "if the allegation of
8  poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may
9  be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.
10  § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is
11  provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under
12  § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses
13  a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions
14  as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could
15  not be cured by amendment. *See Cato v. United States*, 70 F.3d. 1103, 1106 (9th Cir. 1995).

16        Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v.*
17  *Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim
18  is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that
19  would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making
20  this determination, the Court takes as true all allegations of material fact stated in the complaint, and the
21  Court construes them in the light most favorable to the plaintiff. *See Warshaw v Xoma Corp.*, 74 F.3d
22  955, 957 (9th Cir. 1996). Allegations of a pro se complainant are held to less stringent standards than
23  formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404
24  U.S. 519, 520 (1972) (per curiam). While the standard under Rule 12(b)(6) does not require detailed
25  factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp.*
26  *v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007). A formulaic recitation of the elements of a cause of action
27  is insufficient. *Id., see Papasan v. Allain*, 478 U.S. 265, 286 (1986).

28

All or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II.     Screening of the Complaint

### A.     Defendants

Plaintiff has once again named the State of Nevada and the Nevada Department of Corrections ("NDOC") as defendants in this action. The court has twice previously noted that plaintiff cannot sue the State of Nevada and NDOC. The Eleventh Amendment bars suits against states, as a state is not a "person" subject to suit under 42 U.S.C. § 1983. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 68-69 (1997); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Hale v. Arizona*, 993 F.2d 1387, 1398 (9th Cir. 1993) (*en banc*). Furthermore, the Eleventh Amendment bars suits against state agencies as they are considered an "arm of the state" and not a "person" for the purpose of § 1983. *See Hyland v. Wonder*, 117 F.3d 405, 413 (9th Cir. 1997), *amended*, 127 F.3d 1135 (9th Cir. 1997); *Doe v. Lawrence Livermore Nat. Laboratory*, 131 F.3d 836 (9th Cir. 1997); *Lucas v. Dep't of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995). Therefore, both the State of Nevada and the Nevada Department of Corrections shall be dismissed from this action.

### B.     Ground One

Plaintiff's first cause of action claims an Ex Post Facto violation under Article One, Sections Nine and Ten, of the United States Constitution and Article One, Section Fifteen of the Nevada Constitution. Plaintiff states the application of NRS 213.1214 to his certification and parole eligibility is a violation of the Ex Post Facto clause, as the statute cannot be retroactively applied to him.

The Court has twice previously dismissed this ground for relief with prejudice. The Ex Post Facto Clause "is aimed at laws that 'retroactively alter the definition of crimes or increase the punishment for criminal acts." *California Dep't of Corrections v. Morales*, 514 U.S. 499, 504 (1995).

3

1  There is no ex post facto violation when the law merely alters the method of imposing a penalty and does
2  not change the quantum of punishment. *Land v. Lawrence*, 815 F. Supp. 1351, 1353 (D. Nev. 1993).
3  In the instant case, requiring plaintiff to be certified before released on parole does not constitute an
4  additional punishment. Moreover, while the plaintiff's was sentenced to the possibility of parole, there
5  is no constitutional right to parole. *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*,
6  442 U.S. 1, 7 (1979); Nev. Rev. Stat. § 213.10705. Accordingly, plaintiff cannot state a claim for an
7  Ex Post Facto Clause violation and amendment would be futile. Plaintiff's first cause of action must
8  therefore be dismissed with prejudice.

### C. Grounds Two, Three and Eight

Plaintiff alleges in his second, third, and eighth claims substantive and procedural due process violations. Plaintiff contends that he has suffered stigmatizing consequences from being labeled as a high risk sex offender. Plaintiff states that he has a substantive and procedural due process right in not being labeled as a high risk sex offender. Plaintiff also challenges his ability to present evidence, call and question witnesses, and generally defend himself at the psychological review panel and parole hearings.

As the Court has previously noted, to the extent that plaintiff claims that, but for these alleged due process violations, he would be paroled, his claims are barred and his sole remedy is habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994); *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Young v. Kenny*, 907 F.2d 874 (9th Cir. 1990). However, to the extent that the plaintiff alleges that the due process violations affect his consideration for parole eligibility in accordance with the terms of his sentence, plaintiff's claims do not necessarily challenge the validity of his conviction or continuing confinement, and therefore the claims are properly brought under § 1983. Accordingly, plaintiff's claims in his second, third, and eighth causes of action may proceed as they state cognizable claims for relief.

### D. Ground Four

In his fourth cause of action, plaintiff claims NRS 213.1214 is unconstitutional on its face and as applied because the statute does not allow prisoners to speak at the psychological review panel hearings. Plaintiff states that he has a First Amendment right to speak at the hearing, and to file

grievances challenging the panel's decision. The Court previously construed this claim as one challenging his access to the courts and to petition the government for redress.

"'The right of meaningful access to the courts extends to established prison grievance procedures.'" *Bradley v. Hall*, 64 F.3d 1276, 1279 (9th Cir. 1995), quoting *Valandingham v. Bojorquez*, 866 F.2d 1135, 1138 (9th Cir. 1999); *Gomez v. Vernon*, 255 F.3d 1118 (9th Cir. 2001). A prisoner alleging a violation of his right of access to the courts must have suffered an "actual injury." *Lewis v. Casey*, 518 U.S. 343, 349-50 (1996). Plaintiff has alleged an actual injury, that he was denied parole due to the denial of his access to the hearing and grievance or appellate process. Accordingly, plaintiff's claim in his fourth cause of action states a viable claim for relief and may proceed.

### E. Ground Five

In his fifth claim for relief, plaintiff alleges that prison officials improperly applied NRS 213.1214 and AR 813 to him. Plaintiff argues that in applying the statute and administrative regulation, the prison officials violated Nevada state law. This Court previously determined that, to the extent plaintiff was asserting a due process violation, the claim could proceed. Accordingly, plaintiff's fifth cause of action may proceed.

### F. Ground Six

In his sixth cause of action, plaintiff asserts a claim of negligence under state law. Specifically, plaintiff states that the psychological review panel members had a duty to follow the provisions of NRS 213.1214 and NRS 241.033. Plaintiff contends that the prison officials breached their duty under the statutes by failing to provide notice and an opportunity to present evidence. Because the claim for negligence is made under state law, and the Court may exercise supplemental jurisdiction over state law claims, plaintiff's claim in his sixth cause of action may proceed.

### G. Ground Seven

In his seventh cause of action, plaintiff alleges a claim of retaliation. He contends that at the psychological review panel hearing, he attempted to speak and present testimony but the prison officials would not let him. Plaintiff states that each time he objected at the hearing, the officials would tell him to be quiet, and became increasingly angry with him. Plaintiff contends that he then told the officials

that he would file suit against them. In retaliation for plaintiff's threat of suit, plaintiff alleges that the prison officials changed his VASOR score sheet and his review panel rating to reflect a high risk of reoffending instead of a low risk.

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a § 1983 claim. *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *See also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989). Plaintiff must allege that defendants acted to retaliate for his exercise of a protected activity, and defendants' actions did not serve a legitimate penological purpose. *See Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995). Plaintiff's claim that the prison officials changed his risk assessment and score in retaliation for plaintiff's attempts to speak at the psychological review panel hearing and for his comment that he would file a civil lawsuit states a viable claim for relief. Accordingly, plaintiff's seventh cause of action may proceed.

### III. Conclusion

Plaintiff has stated cognizable due process claims in grounds two, three, five and eight. Plaintiff also stated a cognizable First Amendment/access to courts claim in ground four. Plaintiff stated a viable state law negligence claim in ground six. Finally, plaintiff stated a viable claim for retaliation in ground seven. For the reasons stated above, plaintiff failed to state a viable claim in ground one, which shall be dismissed with prejudice. Additionally, defendants State of Nevada and the Nevada Department of Corrections are dismissed.

**IT IS THEREFORE ORDERED** that the Clerk of the Court shall **FILE** the Third Amended Complaint (#306).

**IT IS FURTHER ORDERED** that Defendants State of Nevada and the Nevada Department of Corrections are **DISMISSED**.

**IT IS FURTHER ORDERED** that the first cause of action is **DISMISSED with prejudice**.

**IT IS FURTHER ORDERED** that the Clerk shall **electronically serve a copy of this Order, along with a copy of Plaintiff's Complaint, to the Office of the Attorney General of the State of Nevada, c/o Pamela Sharp, Supervising Legal Secretary, 100 North Carson St., Carson City,**

1  **Nevada 89701-4717**.  The Attorney General shall advise the court within **twenty (20) days** of the date of entry of this order whether they can accept service of process for the named defendants and the last known address under seal of the defendants for which they cannot accept service.  If the Attorney General accepts service of process for any of the defendants, such defendant(s) shall file and serve an answer or other response to the complaint within **thirty (30) days** of the date of the notice of appearance of service.

   **IT IS FURTHER ORDERED** that henceforth, Plaintiff shall serve upon defendants or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading, motion or other document submitted for consideration by the court.  Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for the defendants.  The Court may disregard any paper received by a district judge or magistrate judge which has not been filed with the Clerk, and any paper received by a district judge, magistrate judge or the Clerk which fails to include a certificate of service.

   DATED this 20th day of July, 2009.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

7