**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| KEVIN FERNANDEZ, ) | 3:06-CV-00628-LRH (RAM) |
| Plaintiff, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| vs. ) | **OF U.S. MAGISTRATE JUDGE** |
| ) | |
| THE STATE OF NEVADA, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This Report and Recommendation is made to the Honorable Larry R. Hicks, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR IB 1-4. Before the court is Plaintiff's Motion for Temporary Restraining Order, Preliminary Injunction, and Contempt of Court Sanctions. (Doc. #322.)[1] Defendants have opposed. (Doc. #327.) Plaintiff has replied. (Doc. #334.) After a thorough review, the court recommends that the motion be denied.

## I. BACKGROUND

Plaintiff Kevin Fernandez is currently in the custody of the Nevada Department of Corrections (NDOC) as an inmate at Lovelock Correctional Center (LCC). However, the events at issue occurred while Plaintiff was an inmate at Ely State Prison (ESP). (Pl.'s Third Am. Compl. 2 (Doc. #306).) Plaintiff, a *pro se* litigant, brings this action pursuant to 42 U.S.C. § 1983. On May 19, 2009, Plaintiff filed his third amended complaint against various NDOC officials in their individual and official capacities, including members of the Psychological

---
[1] Refers to the court's docket number.

Review Panel. (*Id.* at 2-4.) Plaintiff seeks declaratory relief, injunctive relief, and damages. (*Id.* at 37–39.)

In a previous order, the court granted Defendants' Motion for Summary Judgment and Defendants' Motion for Judgment on the Pleadings as to the majority of Plaintiff's claims. (Doc. #416.) The sole remaining claim in this lawsuit is a procedural due process claim against Defendants in their individual and official capacities for declaratory and injunctive relief. (*Id.*)

## **II. LEGAL STANDARD**

A preliminary injunction is an "extraordinary and drastic remedy" that is never awarded as of right. *Munaf v. Geren*, --- U.S. ----, ----, 128 S.Ct. 2207, 2219, 171 L.Ed.2d 1 (2008) (citations and quotation omitted). Instead, the instant motion requires the court to "balance the competing claims of injury and . . . the effect of the granting or withholding of the requested relief." *Winter v. Natural Res. Def. Council*, --- U.S. ----, ----, 129 S.Ct. 365, 376, 172 L.Ed.2d 249 (2008) (quoting *Amoco Prod. Co. v. Gambell*, 480 U.S. 531, 542, 107 S.Ct. 1396, 94 L.Ed.2d 542 (1987)). A plaintiff seeking a preliminary injunction must establish the following: (1) a likelihood of success on the merits, (2) a likelihood of irreparable injury to the plaintiff if injunctive relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest. *Id.* (citations omitted).[2]

///
///
///
///

---

[2] Before *Winter*, the courts in this circuit applied an alternative, "sliding-scale" test for issuing a preliminary injunction that allowed the movant to offset the weakness of a showing on one factor with the strength of another. *See Beardslee v. Woodford*, 395 F.3d 1064, 1067 (9th Cir. 2005). In *Winter,* the Supreme Court did not directly address the continued validity of the balancing approach. *See Winter*, 129 S.Ct. at 392 (Ginsburg, J., dissenting) ("[C]ourts have evaluated claims for equitable relief on a 'sliding scale,' sometimes awarding relief based on a lower likelihood of harm when the likelihood of success is very high . . . This Court has never rejected that formulation, and I do not believe it does so today."). In light of the *Winter* decision, however, the Ninth Circuit has indicated, "To the extent our cases have suggested a lesser standard, they are no longer controlling, or even viable." *Am. Trucking Assocs. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir.2009). Accordingly, this court will require Plaintiff to make a showing on all four of the preliminary injunction requirements.

The Prison Litigation Reform Act (PLRA) imposes certain guidelines on the prospective relief to be granted to an inmate litigant in a lawsuit challenging prison conditions:

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out in paragraph (1)(B) in tailoring any preliminary relief.

18 U.S.C. § 3626(a)(2). "Section 3626(a) therefore operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators – no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum." *Gilmore v. People of the State of Cal.*, 220 F.3d 987, 999 (9th Cir. 2000).

## III. DISCUSSION

Plaintiff seeks an order requiring Defendants to release inmate Oscar Guzman from administrative segregation and to return Guzman to Unit 4C. (Pl.'s Mot. for TRO 2 (Doc. #322).) Plaintiff alleges that Defendants are tampering and interfering with Guzman, who is one of Plaintiff's witnesses. (*Id.*)

### A.   Probability of Success on the Merits

To obtain a preliminary injunction, Plaintiff must offer evidence that there is a likelihood he will succeed on the merits of his claim. *Johnson*, 72 F.3d at 1430. "Likelihood of success on the merits" has been described as a "reasonable probability" of success. *King v. Saddleback Junior College Dist.*, 425 F.2d 426, 428-29 n.2 (9th Cir. 1970).

Plaintiff's motion is based on the testimony Guzman will offer at trial "as to [Plaintiff's] damages and injuries." (Pl.'s Mot. for TRO 4.) Consequently, Plaintiff's instant motion is aimed at securing preliminary injunctive relief in relation to his damages claims. As discussed above, no claims remain in this action as to damages. Plaintiff's sole remaining cause of action is limited to a procedural due process claim seeking declaratory and injunctive relief. Thus, Plaintiff retains no probability of success on the merits of any of his damages claims, and

3

Guzman's testimony as described by Plaintiff in this motion does not pertain to the remaining claim in this lawsuit.

The court finds that Plaintiff has failed to demonstrate a likelihood of success on the merits of his damages claims related to this motion.

### B.     Irreparable Injury

To obtain a preliminary injunction, Plaintiff must offer evidence that he will be irreparably injured without the injunction. *Johnson*, 72 F.3d at 1430. "Courts generally do look at the immediacy of the threatened injury in determining whether to grant preliminary injunctions." *Privitera v. California Bd. Of Medical Quality Assurance*, 926 F.2d 890, 897 (9th Cir. 1991), *citing Caribbean Marine*, 844 F.2d at 674 ("a plaintiff must *demonstrate* immediate threatened injury as a prerequisite to preliminary injunctive relief").

Plaintiff seeks to offer Guzman's testimony in support of his damages claims. Because no damages claims remain in this lawsuit, Plaintiff will not suffer injury if he fails to secure Guzman's testimony. Plaintiff has failed to carry his burden to establish irreparable injury warranting immediate injunctive relief.

### C.     Balance of Hardships and Public Interest

As discussed above, there is no apparent irreparable injury that will befall Plaintiff if injunctive relief is not granted. Should the court grant the injunction, however, Defendants would have to undertake transferring Guzman out of administrative segregation and back to Unit 4C. Prison officials are granted substantial deference in regard to where prisoners are housed. Under the circumstances, the court is not inclined to undertake the drastic remedy of ordering the transfer of Guzman, as the public interest is not served by an unneeded judicial intrusion into the complex administrative decisions of the Department of Corrections.

Because none of the factors for evaluating injunctive relief favor granting the motion, Plaintiff's request for an institutional transfer should be denied.

///
///

### IV. SANCTIONS

Plaintiff seeks sanctions based on the court's inherent power. Plaintiff contends that Defendants, through their employees, are attempting to chill inmate Guzman's testimony by placing him in administrative segregation and by threatening to transfer him to Ely State Prison. (Pl.'s Mot. for TRO 3-4.) Plaintiff argues that the court should impose sanctions on Defendants because of their interference with Plaintiff's witness. (*Id.* at 7.)

"All federal courts are vested with inherent powers enabling them to manage their cases and courtrooms effectively and to ensure obedience to their orders . . . . As a function of this power, courts can dismiss cases in their entirety, bar witnesses, award attorney's fees and assess fines." *Aloe Vera of Am., Inc. v. United States*, 376 F.3d 960, 965 (9th Cir. 2004)(citations omitted). Before awarding sanctions under its inherent powers, however, the court must make an explicit finding that a party's conduct constituted or was tantamount to bad faith. *Gomez v. Vernon*, 255 F.3d 1118, 1134 (9th Cir. 2001).

Although Plaintiff vehemently asserts that Defendants are tampering with his witness, he fails to provide evidence allowing the court to ascertain whether Defendants have acted in bad faith. Because the court declines to find that Defendants alleged conduct constitutes bad faith, sanctions are inappropriate.

### V. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge enter an Order **DENYING** Plaintiff's Motion for a Temporary Restraining Order (Doc. #322).

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, specific written objections to this Report and Recommendation within fourteen (14) days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.     That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1), Fed. R. App. P., should not be filed until entry of the District Court's judgment.

DATED: February 22, 2010.

_____
UNITED STATES MAGISTRATE JUDGE