KEVIN L. FERNANDEZ #20483
High Desert State Prison
P.O. Box 650
Indian Springs, NV 89070

PLAINTIFF, PRO SE



UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

KEVIN L. FERNANDEZ,
         Plaintiff,

v.

STATE OF NEVADA, et. al.,
         Defendants.

Case No. 3:06-cv-628-LRH-RAM

<u>MOTION FOR CONTEMPT OF COURT SANCTIONS</u>

Plaintiff, KEVIN FERNANDEZ, appearing in propria persona, moves this Court for Order imposing Contempt of Court sanctions on defense counsel and NDOC officials for their violation of this Court's Order (#421) for failing to mail the original documents to plaintiff as ordered by this Court.

This Motion is made pursuant FRCP 7(b) and LR 7-2, and is based upon this Court's inherent authority to manage its Court, 18 U.S.C. §401, the attached Memorandum of Points and Authorities, all papers and documents on file herein, and any oral argument this Court may allow at a hearing on this matter.

///

## MEMORANDUM OF POINTS AND AUTHORITIES

### STATEMENT OF FACTS

On February 18, 2010, this Court ordered Defense Counsel Alicia L. Lerud to have NDOC officials at Lovelock Correctional Center to mail to Plaintiff the original documents which they intercepted which were the subject of a subpoena which this Court lawfully issued to plaintiff. See Order (421), p.2; See also (232) Motion For Contempt Sanctions, (for history). These documents were originally ordered produced at a hearing on November 17, 2009. See Order (392). After defendants failed to follow the Courts' order, the Court issued another order on December 16, 2009. See Order (399). After failing to comply, the Court ordered, once again, defense counsel to have NDOC Officials produce the documents. See (415) reissued as (421).

In its order, the Court told counsel that if the NDOC officials could not comply with this Order, that "he would order them [Lovelock Officials] to Court to explain why they could not produce the documents." See hearing transcripts, 4/18/10 Order (415). The Court further ordered Defendants to produce the documents within three (3) days. (421), p.2. On February 22, 2010, this Court granted defendants an extention to produce said documents up until February 23, 2010. See Order (422).p.1.

On February 24, 2010, the defendants sent copies of the ordered documents instead of the original documents as ordered. See Ex.1. It should be noted, that each time the Court reordered defendants to produce the documents it has been because the documents have not been the originals but illegible copies of same. See Orders (421), (399). On March 03, 2010,

KEVIN L. FERNANDEZ
High Desert State Prison
P.O. Box 650
Indian Springs, NV 89070

KEVIN L. FERNANDEZ
High Desert State Prison
P.O. Box 650
Indian Springs, NV 89070

the Plaintiff wrote to defense counsel and explained that he believed that Defense Counsel and LCC officials were in contempt of Court and violation of the Court's Order. See Ex. 1. To this date, Defense Counsel has not responded. It also should be noted that these documents have been the subject of dispute since December 09, 2008. See (232), p. 4. Plaintiff now seeks an Order from this Court issuing sanctions on Defense Counsel Alicia L. Lerud and LCC Warden Jack Palmer for their refusal to comply with this Court's Orders and commanding them to comply with Court's previous orders. See (421) and (422).

## ARGUMENT

I. <u>DEFENSE COUNSEL ALICIA L. LERUD AND WARDE JACK PALMER SHOULD BE FINED AT $100.00 PER DIEM FOR EACH DAY THEY HAVE BEEN IN VIOLATION OF THE COURT'S ORDER AND SHOULD BE ORDERED TO EXPLAIN THEIR ACTIONS IN OPEN COURT, AND COMPELLED TO PRODUCE THE DOCUMENTS TO PLAINTIFF.</u>

A. <u>STANDARD FOR IMPOSING CONTEMPT SANCTIONS.</u>

The Court's power and authority to punish Contempt is an inherent and integral element of its power. <u>Ex Parte Robinson</u>, 86 U.S. 505, 510 (1874). Contempt is also codified. 18 U.S.C. §401. In either case, the Court has discretion to hold a party in contempt. <u>Transgo, Inc. v. Ajac Transmission Parts Corp.</u>, 768 F.2d 1001 (9th Cir. 1985) cert. denied 474 U.S. 1059. However, a Court has the duty to take affirmative action when lawful commands of the Court are defied. <u>In re Fletcher</u>, 216 F.2d 915 (4th Cir. 1954) cert. denied, 348 U.S. 231, 350 U.S. 864.

A party proves contempt when he shows, clear and convincingly, that the contemnor knew of the order, that it was unambiguous

-3-

and clear, and that he had not diligently attempted in a reasonable manner to comply. KSM Fastening Sys., Inc. v. H.A. Jones, Co., 776 F.2d 1522, 1524 (Fed. Cir. 1985). Once a prime facie showing has been made, the burden shifts to the contemnor that he could not comply. U.S. v. State of Oregon, 782 F.Supp. 502 aff. 28 F.3d 110 (9th Cir. 1992). Willfulness is not relevant. U.S. v. Laurins, 857 F.2d 529 (9th Cir. 1988) cert. denied 429 U.S. 906 (1989). The bad advice of counsel is not a defense for non-compliance. U.S. v. Snyder, 418 F.2d 520 (9th Cir. 1970) cert. denied 400 U.S. 903 (1971).

B. <u>Alizia L. Lerud AND Jack Palmer ARE GUILTY OF CONTEMPT FOR VIOLATING THIS COURTS ORDER.</u>

In the case at bar, it is clear that Alizia L. Lerud and Jack Palmer knew of the Order. Defense counsel was in open court and heard the order and even sought an extension of the order. (421) and (422). Further, because defendants actually did send documents, just not the ordered documents, it is clear Palmer knew of the order. See Ex. 1.

It is additionally clear that Alizia L. Lerud and Jack Palmer understood the order and that it was clear. At the hearing, the plaintiff specifically objected to the documents sent because they were not the originals. See Order (392), (395), (415), (421) and (422). In each of these orders, it is clear that the ORIGINAL documents are to be produced and not xerox copies. Ibid. If there was any doubt, the plaintiff even wrote to defense counsel. Ex. 1. If she had any doubts, she could have filed a motion to clarify. She did not.

Finally, plaintiff attempted to resolve this matter without

-4-

court action by writing defense counsel. Ex.1. Defense Counsel's refusal to respond should be construed as defendants not reasonably attempting to comply. KSM Fastening Sys, Inc., at 1524. Further, the fact that plaintiff has had to relitigate this issue on at least three times, defense counsel and Palmer's continued failure and refusal to comply should be construed that they have failed to reasonably comply. Id. Therefore, Alicia L. Lerud and Jack Palmer should be found in contempt. U.S. v. State of Oregon, 782 F.Supp. 502 aff. 28 F.3d 110 (9th Cir. 1992).

C. THE CONTEMNORS SHOULD BE FINED AND ORDERED TO APPEAR BEFORE THE MAGISTRATE AND COMPELLED TO PRODUCE THE ORIGINAL DOCUMENTS.

Fines may be imposed to coerce obedience and compensate parties, General Signal Corp. v. Donalleo, Inc., 787 F.2d 1376 (9th Cir. 1986) remand 933 F.2d 1013. In determining how large a sanction should be, the Court should consider the character and magnitude of harm threatened by continuing contumacy, and probable effectiveness. Id.

In the present case, the defendants have held discovery materials from the plaintiff for well over one year. See (232). Further, the Contemnors have blatantly disregarded this Court's continuous orders to produce the original documents and have done so even after the Magistrate Judge Robert McQuaide threatened Defense Counsel. See hearing transcripts, 2/18/10. Thus, the Court should fine the Contemnors at a rate of $100.00 per day they have been in violation of the Court's Order (422). General Signal Corp., 787 F.2d 1376; Hook v. State of Ariz, 907 F.Supp. 1326, 1340-41 (D.Ariz. 1995) aff. 6Wh v. ADOC, 73 F.3d 369 (9th Cir. 1995).

Finally, in accordance with this Court's order (415), the

-5-

KEVIN L. FERNANDEZ
High Desert State Prison
P.O. Box 650
Indian Springs, NV 89070

1  contemnors should be ordered to appear before the Court to explain
2  their actions and to produce the <u>ORIGINAL</u> documents as ordered
3  by this Court. See Hearing Transcripts, 2/08/10, order (415).

CONCLUSION

4  For the foregoing reasons, the Motion For Contempt Sanctions
5  should be GRANTED and the relief requested imposed upon
6  the contemnors.
7  Dated this 30th day of March, 2010.

Kevin Fernandez #20483
HDSP
Box 650
Indian Springs, NV 89070
Plaintiff, Pro Se

KEVIN L. FERNANDEZ
High Desert State Prison
P.O. Box 650
Indian Springs, NV 89070

-6-

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of March, 2010, pursuant to FRCP 5(b), I did serve a true and correct copy of the Plaintiff's Motion For Contempt of Court Sanctions.

to defendants by mailing same to:

Alicia L. Lerud
Deputy Attorney General
Litigation Division
100 N. Carson St.
Carson City, NV 89701

Dated this 31st day of March, 2010.

Plaintiff, Pro Se

-7-

# EXHIBIT





KEVIN LYNN FERNANDEZ
High Desert State Prison
P.O. Box 650
Indian Springs, NV 89070

March 03, 2010

Alicia L. Lerud
Deputy Attorney General
100 No. Carson St.
Carson City, NV 89701

Re: Discovery

Ms. Lerud:

Please be advised that I have recieved the supplements to the Interrogatories requested. Further, I have reviewed the document Sex Offender Treatment Skills For The Corrections Professional. However, after reviewing the document, it is clear that the majority of the instruction materials are on the CD-Rom in lecture form. Therefore, I am requesting that I be allowed to view the CD-Rom. I need to see the videos from the following sections:

Section 1, module 1+2; Section 2; Section 3, module 2+3; Section 4, module 1; and Section 5, module 1.

I believe the Court would order you to allow me to view such since neither the Court nor I knew that the majority of the instruction materials was on the CD-Rom and not in written form. This is my sincere effort to resolve this matter pursuant to LR 26-7 without Court intervention.

In addition, I reviewed a packet of copies from Lovelock Correction Center. As a ~~courtesy~~ courtesy, I am writing to you to correct their non-compliance with the

Alicia L. Lerud
March 03, 2010
Page 2

Court's Order (#421). I believe that your clients, LCC staff, is in Contempt of Court. Instead of sending me the ORIGINAL documents, they sent copies again. The Court order them to ~~do~~ send me ORIGINALS by February 23, 2010. Instead they sent me copies ~~by~~ on February 24, 2010.

Therefore, I'm requesting that you contact LCC and have them comply with the Court's order and have them send the ORIGINALS to me. If you fail to do so within five (5) days of today's date, I will file a Motion seeking Contempt of Court charges against your client. Thank you for your consideration.

Sincerely,

Kevin Fernandez
#20483