UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KEVIN LYNN FERNANDEZ, | ) |
| Plaintiff, | ) 3:06-cv-0628-LRH-RAM |
| v. | ) |
| STATE OF NEVADA, et al., | ) ORDER |
| Defendants. | ) |

Before the court is plaintiff Kevin Lynn Fernandez's ("Fernandez") motion in limine to exclude certain evidence. Doc. #401.[1] Defendants filed an opposition (Doc. #473) to which Fernandez replied (Doc. #484).

**I.    Facts and Procedural History**

In 1985, Fernandez was convicted of a single count of sexual assault. He was released on parole in 1992 after being certified not a public menace under NRS § 200.375. In 1997, while Fernandez was on parole, the Nevada State Legislature repealed NRS § 200.375 and replaced it with NRS § 213.1214 which eliminates the possibility of parole for a prisoner who is classified as having a high risk to re-offend if the prisoner committed a crime enumerated in the statute.[2]

---

[1] Refers to the court's docket entry number.

[2] It is uncontested that Fernandez was originally convicted of one of the enumerated offenses.

Fernandez violated his parole and returned to the Nevada Department of Corrections ("NDOC") in 2003. At the end of his revocation in 2006, he went before a psychological review panel to determine whether he presented a high risk to re-offend. The panel labeled Fernandez as a high risk inmate which consequently precluded him from parole eligibility.

Subsequently, Fernandez filed a civil rights complaint against defendants alleging several causes of action. Doc. #5. Defendants moved for summary judgment (Doc. #290) which the court granted as to all claims except for Fernandez's third cause of action for a procedural due process violation (Doc. #454).

While the motion for summary judgment was pending, Fernandez filed the present motion in limine to exclude certain evidence from trial. Doc. #401.

**II.     Discussion**

Fernandez requests this court exclude from trial as irrelevant under Federal Rule of Evidence 401 and unfairly prejudicial under Rule 403 any evidence relating to (1) the factual circumstances of his 1985 conviction, (2) his prior criminal history, (3) his prison disciplinary record, and (4) the circumstances of his parole violation. *See* Doc. #401. Defendants agree with Fernandez that the aforementioned evidence is irrelevant to this action because the only claim remaining is one for a violation of his procedural due process rights. *See* Doc. #473. However, in his reply, Fernandez contends that his general claim regarding the constitutionality of Nevada Revised Statute § 213.1214 and his substantive challenge to the psychological review panel's decision are still pending before the court.

The court takes this opportunity to clearly and unequivocally identify Fernandez's only remaining claim for trial; his procedural due process claim. In the court's order granting in-part and denying in-part defendants' motion for summary judgment, the court denied the motion only as to Fernandez's procedural due process claim because the court found that Fernandez had raised genuine issues of material fact as to whether he received adequate notice of his hearing before the

psychological review panel and whether he had an opportunity to call witnesses on his behalf. *See* Doc. #454. The court specifically noted that only his procedural due process claim remained in this action. He has no other claims pending before the court. All of his other claims, including his substantive due process challenge that NRS § 213.1214 is unconstitutional and his challenge of the reasons underlying the panel's decision have been dismissed. Thus, the only claim remaining for trial is Fernandez's procedural due process claim relating to whether or not he received appropriate process before being labeled a high risk sex offender by the psychological review panel.

Based on the single remaining claim in this matter for a violation of Fernandez's due process rights, the court finds that the aforementioned evidence is irrelevant to this issue and should be excluded. Accordingly, the court shall grant Fernandez's motion in limine.

IT IS THEREFORE ORDERED the plaintiff's motion in limine to exclude evidence (Doc. #401) is GRANTED.

IT IS SO ORDERED.

DATED this 17th day of September, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

3