# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| KEVIN FERNANDEZ, | 3:06-CV-00628-LRH (RAM) |
| Plaintiff, | |
| vs. | **REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |
| THE STATE OF NEVADA, et al., | |
| Defendants. | |

This Report and Recommendation is made to the Honorable Larry R. Hicks, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR IB 1-4.

Before the court is Plaintiff's Motion for Preliminary Injunction. (Doc. #442.)[1] Defendants have opposed the motion. (Doc. #457.) Plaintiff replied (Doc. #460) and was given leave to file supplemental points and authorities in support of the motion (Doc. #496 and Doc. #501). After a thorough review, the court recommends that the motion be granted, and that a preliminary injunction shall issue as set forth herein.

## I. BACKGROUND

Plaintiff Kevin Fernandez is currently in the custody of the Nevada Department of Corrections (NDOC). (Pl.'s Third Am. Compl. 2 (Doc. #306).) Plaintiff, a *pro se* litigant, brings this action pursuant to 42 U.S.C. § 1983.

///

---

[1] Refers to the court's docket number.

In 1985, Plaintiff was convicted of one count of sexual assault. In 1989, Plaintiff was certified pursuant to Nevada Revised Statutes (NRS) § 200.375 as not being a public menace. In 1992, he was released on parole. In 1997, while Plaintiff was still on parole, the legislature repealed § 200.375 and replaced it with NRS § 213.1214 which eliminates the possibility of parole for a prisoner who is classified as having a high risk to re-offend if the prisoner committed a crime enumerated in the statute.[2]

Plaintiff returned to NDOC in 2003 after violating his parole, which was revoked for a three-year period. In 2006, at the end of his parole revocation period, Plaintiff went before the Psychological Review Panel to determine whether he presented a high risk to re-offend. The panel declined to certify Plaintiff, which consequently precluded him from being eligible for parole.

Subsequently, Plaintiff filed a civil rights complaint against Defendants. Plaintiff's Third Amended Complaint set forth eight causes of action. (Doc. #306.) In a screening order issued July 20, 2009, the court dismissed Plaintiff's first cause of action. (Screening Order 3 (Doc. #337).) The court also dismissed the State of Nevada and the Nevada Department of Corrections as defendants not subject to suit under section 1983. (*Id.*) Defendants moved for summary judgment (Doc. #290) which the court granted as to all claims except for Plaintiff's third cause of action for a procedural due process violation. (Doc. #416 and Doc. #454.) Defendants' Motion for Judgment on the Pleadings was also granted with respect to the sixth cause of action. (*Id.*)

---

[2] It is uncontested that Plaintiff was originally convicted of one of the enumerated offenses.

2

In his only remaining cause of action[3], Plaintiff claims that because Defendants labeled him a high-risk sex offender under NRS § 213.1214 and Administrative Regulation (AR) 813, he is ineligible for parole and has suffered stigmatizing consequences from the label in violation of his procedural due process rights. (Doc. #306 16-19, 20-25, 32-34.)

Plaintiff seeks a preliminary injunction enjoining "Defendants, their agents, servants, employees, attorneys, and those persons in active concert and participation with Defendants from invoking or enforcing AR 813 and NRS 213.1214 on Plaintiff and declaring him immediately eligible for parole and a low risk of re-offending until Defendants create a panel that provides all the protections under *Wolff v. McDonnell*, 418 U.S. 539 (1974), and Plaintiff is provided such a hearing." (Doc. #442 1.) Defendants argue that the request for a preliminary injunction is moot in light of the court's summary judgment order (Doc. #416 and Doc. #454), and in any event, Plaintiff cannot show a risk off irreparable harm or that the public interest favors granting injunctive relief. (Doc. #457 5-10.)

## II. LEGAL STANDARD

A preliminary injunction is an "extraordinary and drastic remedy" that is never awarded as of right. *Munaf v. Geren*, 553 U.S. 674, 688-90, 128 S.Ct. 2207, 2218-19 (2008)(citations omitted and quotation omitted). Instead, in every case, the court "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of

---

[3] Plaintiff filed supplemental points and authorities in support of his motion for preliminary injunction asserting as an additional ground for his request the facial challenge to NRS § 213.1214 and AR 813. The court need not address the facial challenge here because the district court has ordered that Plaintiff's only remaining claim for trial is the procedural due process claim. (Doc. #493 2-3 ("The court takes this opportunity to clearly and unequivocally identify Fernandez's only remaining claim for trial; his procedural due process claim. In the court's order granting in-part and denying in-part defendants' motion for summary judgment, the court denied the motion only as to Fernandez's procedural due process claim because the court found that Fernandez had raised genuine issues of material fact as to whether he received adequate notice of his hearing before the psychological review panel and whether he had an opportunity to call witnesses on his behalf. *See* Doc. #454. The court specifically noted that only his procedural due process claim remained in this action. He has no other claims pending before the court. All of his other claims, including his substantive due process challenge that NRS § 213.1214 is unconstitutional and his challenge of the reasons underlying the panel's decision have been dismissed. Thus, the only claim remaining for trial is Fernandez's procedural due process claim relating to whether or not he received appropriate process before being labeled a high risk sex offender by the psychological review panel.").)

3

the requested relief." *Winter v. Natural Resources Defense Council, Inc.*, - - - U.S. - - -, - - -, 129 S.Ct. 365, 376 (2008)(citation omitted). The instant motion requires that the court determine whether plaintiff has established the following: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter*, 129 S.Ct. at 374 (2008)(citations omitted).

Before *Winter*, courts in the Ninth Circuit applied an alternative "sliding-scale" test for issuing a preliminary injunction that allowed the movant to offset the weakness of a showing on one factor with the strength of another. *See Alliance for Wild Rockies v. Cottrell*, - - -F.3d.- - -, 2010 WL 3665149 at 4-5 (9th Cir. 2010); *see also Beardslee v. Woodford*, 395 F.3d 1064, 1067 (9th Cir. 2005). In *Winter*, the Supreme Court did not directly address the continued validity of the Ninth Circuit's sliding-scale approach to preliminary injunctions. *See Winter*, - - - U.S. at - - -, 129 S.Ct. at 392 (Ginsburg, J., dissenting)("[C]ourts have evaluated claims for equitable relief on a 'sliding scale,' sometimes awarding relief based on a lower likelihood of harm when the likelihood of success is very high...This Court has never rejected that formulation, and I do not believe it does so today."); *see also Alliance*, - - - F.3d.- - -, 2010 WL 3665249 at 4 (9th Cir. 2010). In light of the *Winter* decision, however, the Ninth Circuit has indicated, "[t]o the extent our cases have suggested a lesser standard, they are no longer controlling, or even viable." *Am. Trucking Assocs. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009). Accordingly, Plaintiff is required to make a showing on all four of the preliminary injunction requirements.[4]

---

[4] A Ninth Circuit panel has found that post-*Winter*, this circuit's sliding-scale approach or "serious questions" test survives when applied as part of the four-element *Winter* test. *Alliance for Wild Rockies v. Cottrell*, 2010 WL 3665149, at 5 (9th Cir. Sept. 22, 2010). "In other words, 'serious questions going to the merits,' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Id.* The court need not address the sliding-scale issue here as Plaintiff has met his burden with respect to each of the four *Winter* factors.

An even more stringent standard is applied where mandatory, as opposed to prohibitory preliminary relief is sought. The Ninth Circuit has noted that although the same general principles inform the court's analysis, "[w]here a party seeks mandatory preliminary relief that goes well beyond maintaining the status quo pendente lite, courts should be extremely cautious about issuing a preliminary injunction." *Martin v. International Olympic Committee*, 740 F.2d 670, 675 (9th Cir. 1984). Thus, an award of mandatory preliminary relief is not to be granted unless both the facts and the law clearly favor the moving party and extreme or very serious damage will result. *See Anderson v. United States*, 612 F.2d 1112, 1115 (9th Cir. 1979). "[I]n doubtful cases" a mandatory injunction will not issue. *Id.*

Finally, the Prison Litigation Reform Act (PLRA) mandates that prisoner litigants must satisfy additional requirements when seeking preliminary injunctive relief against prison officials:

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out in paragraph (1)(B) in tailoring any preliminary relief.

18 U.S.C. § 3626(a)(2). Thus, § 3626(a)(2) limits the court's power to grant preliminary injunctive relief to inmates. *Gilmore v. People of the State of California*, 220 F.3d 987, 998 (9th Cir. 2000). "Section 3626(a)...operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators-no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum." *Gilmore,* 220 F.3d at 999.

### III. DISCUSSION

**A.   LIKELIHOOD OF SUCCESS ON THE MERITS**

In order to be granted a preliminary injunction, Plaintiff must show that he is likely to succeed on the merits of a claim that would entitle him to the equitable remedy that he seeks. The court previously found that the significant stigmatizing consequences associated with being

5

labeled a high risk sex offender coupled with Plaintiff's absolute ineligibility from parole implicated a liberty interest invoking the procedural protections of the Due Process Clause of the Fourteenth Amendment. (Doc. # 416 20-22 and Doc. # 454.) The court concluded that Plaintiff is due the process set forth in *Wolff v. McDonnell*, 418 U.S. 539 (1974): (1) a prior hearing with the ability to call witnesses and present documentary evidence, (2) advance written notice of the prior hearing, and (3) a written statement by the fact-finder of the evidence relied on and the reasons for the inmate's classification as a sex offender. *See Neal v. Shimoda*, 131 F.3d 818, 830 (9th Cir. 1997). (Doc. # 416 23 and Doc. # 454.) Defendants concede that the only remaining issue is whether Plaintiff received the outlined due process in connection with his March 1, 2006 hearing before the Psychological Review Panel. (Doc. # 457 5.)

Plaintiff must therefore show a likelihood of success on his claim that Defendants did not provide him the due process owed. Plaintiff claims that Defendants do not dispute: (1) that Plaintiff did not receive proper notice of the March 1, 2006 hearing (Doc. # 442 4), (2) that Plaintiff was not able to cross-examine the witness or present testimony and evidence (*Id.*), and (3) that Plaintiff was not provided with a written decision (*Id.*). In their opposition, Defendants do not argue that Plaintiff was provided with the proper procedural due process, but instead, contend that Plaintiff cannot demonstrate a likelihood of success on the merits until issues of fact are resolved. (Doc. # 457 6.) The court is convinced that Plaintiff has made a sufficient showing that he is likely to succeed on his claims that he did not receive adequate notice, was not allowed to call witnesses or present evidence[5], and did not receive a written statement indicating the reasons for his classification.

Plaintiff pointed to evidence showing that he is likely to succeed on his claim that he did not receive sufficient notice of the hearing before the Psychological Review Panel. (Doc. # 302

---

[5] Plaintiff claims that he was entitled to cross-examine the witness at his hearing before the Psychological Review Panel, however, this is not part of the due process outlined in *Wolff v. McDonnell*. Confrontation and cross-examination "are not rights universally applicable to all hearings," *Wolff*, 418 U.S. at 567 (citations omitted), and therefore Plaintiff is not entitled to cross-examine witnesses in this context.

1  Ex. C at 14-17 and Doc. # 306 Ex. 4-6.) According to the documents attached to Plaintiff's
2  Third Amended Complaint, Plaintiff was originally scheduled to attend a hearing before the
3  Psychological Review Panel on February 23, 2006, but was never taken to attend the hearing.
4  (Doc. # 306 42, 44-46.) Plaintiff requested a continuance of three months for the hearing, but
5  was never informed whether or not a continuance was granted. (*Id.*) Plaintiff requested that
6  he be informed as to why he was not taken to the hearing and whether or not he had been
7  granted a continuance and as to the rescheduled hearing date. (*Id.*) Plaintiff did not actually
8  appear before the Psychological Review Panel until March 1, 2006, and testified in deposition
9  that he was not notified that his hearing date had changed. (Doc. # 302 Ex. C at 14-17.)

10  Plaintiff presented deposition testimony in connection with his response to Defendants'
11  motion for summary judgment where he asserts that he was denied the right to present evidence
12  at the March 1, 2006 hearing. (Doc. # 302 Ex. C at 17-18.)

13  The Psychological Certification Panel Results Notification sent to Plaintiff merely
14  indicates that the panel unanimously decided that Plaintiff was a high risk to re-offend and was
15  not certified but does not otherwise show what evidence was relied on or what reasons
16  supported the Psychological Review Panel's decision. (Doc. # 290 Ex. D.)

17  Defendants did not present evidence or argument to rebut Plaintiff's evidence in support
18  of his claim that he was denied procedural due process. Therefore, the court finds Plaintiff has
19  met his burden of showing a likelihood of success on the merits of his remaining claim.

20  **B.   IRREPARABLE INJURY**

21  The court must next consider whether the failure to issue an injunction would likely cause
22  irreparable harm. "Preliminary injunctive relief is available only if [Plaintiff] 'demonstrate[s]
23  that irreparable injury is *likely* in the absence of an injunction.'" *Johnson v. Couturier*, 572 F.3d
24  1067, 1081 (9th Cir. 2009)(quoting *Winter*, 129 S.Ct. at 375). The court concludes that Plaintiff
25  is likely to suffer irreparable injury in the absence of an injunction.

26  Here, Plaintiff seeks relief for alleged constitutional violations. Such violations generally
27  constitute irreparable harm because they "cannot be adequately remedied through damages."

28

7

*Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1138 (9th Cir. 2009)(interpreting *Winter* and quoting *Nelson v. N.A.S.A.*, 530 F.3d 865, 881 (9th Cir. 2008)).

Plaintiff asserts that he will suffer immediate and irreparable harm between the present time and his next scheduled hearing before the Psychological Review Panel in February 2011. (Doc. # 442 5.) Plaintiff further contends that he continues to suffer stigmatizing consequences as a result of the "high risk sex offender" label which "raises the passion of people to seek retribution and do physical harm" to him. (*Id.*) Plaintiff claims that the label injures his reputation as well as his emotional and physical health. (*Id.*) Finally, Plaintiff contends that being labeled a "high risk sex offender" has made him ineligible for parole since 2006. (*Id.*)

Defendants argue that in light of the court's ruling on Defendants' motion for summary judgment, it is likely Plaintiff will be given the due process protections prescribed by the court. (Doc. # 457 7.) Defendants further contend that because the court found that there is no liberty interest in the stigma attached to being labeled a high risk sex offender, any injunctive relief should not address this issue. (*Id.* at 7-8.) Finally, Defendants argue that Plaintiff cannot demonstrate that if injunctive relief is not granted, he will be deprived of parole consideration. (*Id.* at 8-9.)

As stated above, the court previously found that the significant stigmatizing consequences associated with being labeled a high risk sex offender coupled with Plaintiff's absolute ineligibility from parole result in a finding that labeling Plaintiff a high risk sex offender implicates a liberty interest. (Doc. # 416 21 and Doc. # 454.) The court also found that Plaintiff had been labeled a high risk sex offender since he appeared before the Psychological Review Panel in March 2006, and is completely precluded from appearing before the parole board until the Psychological Review Panel concludes he is not high risk. (Doc. # 416 21 and Doc. # 454.) The duration of his label as a high risk sex offender has been substantial, is potentially indefinite, and is reviewed infrequently. (Doc. # 416 22 and Doc. # 454.) Moreover, neither NRS § 213.1214 nor AR 813 indicate at what intervals Psychological Review Panel decisions will be reviewed. (*Id.*) Here, Plaintiff has not been subject to a Psychological Review Panel hearing

8

since March 2006 but was denied parole again in 2008. (*Id.*) This fact belies Defendants' contention that it is likely Plaintiff will be given the due process protections prescribed by the court.

The court is persuaded that Plaintiff has sustained his burden of showing that he will likely suffer irreparable injury in the absence of injunctive relief.

**C.     BALANCE OF HARDSHIPS**

A party seeking injunctive relief "must establish…that the balance of equities tips in his favor." *Winter*, 129 S.Ct. at 374. In assessing whether a party has met this burden, the district court has a "duty…to balance the interests of all parties and weigh the damage to each." *L.A. Mem'l Coliseum Comm'n v. Nat'l Football League*, 634 F.2d 1197, 1203 (9th Cir. 1980).

Plaintiff contends that he will suffer irreparable injury to his constitutional rights, reputation, emotional and physical health, continued incarceration without the possibility of parole, possible physical attack, and continued branding with the label "high risk sex offender" in the absence of injunctive relief. (Doc. # 442 6.) Defendants argue that Plaintiff has not demonstrated he will suffer hardship if he is given a Psychological Review Panel hearing that comports with the due process requirements prescribed by this court. (Doc. # 457 9.)

The likely injury to Plaintiff is the interference with his constitutional right to due process, enduring the stigmatizing label of "high-risk sex offender" for a possibly infinite duration, and the fact that he is completely precluded from appearing before the parole board until the Psychological Review Panel concludes he is not high risk. This is not alleviated by Defendants' contention that Plaintiff will likely have a hearing with the procedural due process protections he is entitled because Plaintiff has not had a hearing before the Psychological Review Panel since 2006 yet was denied parole again in 2008. Defendants fail to point out any hardship that will be suffered on their part in the event injunctive relief is granted. Therefore, the court is convinced that the balance of hardships tips in Plaintiff's favor.

/ / /

/ / /

**D.     PUBLIC INTEREST**

"In exercising their sound discretion, courts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction." *Winter*, 129 S.Ct. at 376-77 (quotation marks and citation omitted). "When the reach of an injunction is narrow, limited only to the parties, and has no impact on non-parties, the public interest will be 'at most a neutral factor in the analysis rather than one that favor[s] [granting or] denying the preliminary injunction.'" *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1138-39 (9th Cir. 2009) (citing and quoting *Bernhardt v. L.A. County*, 339 F.3d 920, 931 (9th Cir. 2003)). "If however, the impact of an injunction reaches beyond the parties, carrying with it a potential for public consequences, the public interest will be relevant to whether the district court grants the preliminary injunction." *Id.* (citation omitted).

Plaintiff contends, and Defendants do not dispute, that the public has an interest in ensuring that all individuals receive due process protections and in ensuring that high risk offenders are correctly identified. (Doc. # 442 8 and Doc. # 457 9-10.) However, Defendants argue that the public also has a substantial interest in seeing its laws enforced, and NRS 213.1214 is a properly enacted law which should be properly enforced. (*Id.* at 10.)

The court is persuaded that the public's interest in ensuring that individuals receive due process protections and in ensuring that high risk offenders are correctly identified outweighs the public's interest in seeing a law enforced in this instance which does not assure that Plaintiff will be provided with the procedural protections he is entitled. Neither NRS § 213.1214 nor AR 813 indicate at what intervals Psychological Review Panel decisions will be reviewed. Moreover, Defendants do not appear to dispute that Plaintiff has not been subject to a Psychological Review Panel hearing since March 2006 but was denied parole again in 2008. Defendants do not point out any adverse impact on the public interest if Plaintiff is granted a hearing before the Psychological Review Panel with the procedural protections outlined in *Wolff v. McDonnell*. Therefore, the public interest factor tips in favor of granting injunctive relief.

**E.     SCOPE OF INJUNCTION**

"Injunctive relief...must be tailored to remedy the specific harm alleged." *Lamb-Weston, Inc. v. McCain Foods, Ltd.*, 941 F.2d 970, 974 (9th Cir. 1991). "An overbroad injunction is an abuse of discretion." *Id.* Moreover, in cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2). Courts are also instructed to "give substantial weight to any adverse impact on public safety or the operation of a criminal justice system." *Id.*

Plaintiff requests injunctive relief in the form of an order that Defendants remove the label of "high risk sex offender" from all of Plaintiff's records and deem him immediately eligible for parole and a "low risk sex offender" unless and until he is provided with a hearing with the procedural protections outlined in this court's order. (Doc. # 416 and Doc. # 442 9-10.)

Plaintiff has failed to demonstrate that an order immediately removing his classification as a "high risk sex offender" and deeming him immediately eligible for parole board is essential here. Instead, the court finds it sufficient that an injunction issue requiring that Plaintiff have a hearing before the Psychological Review Panel with the due process protections outlined in *Wolff v. McDonnell* and in the court's prior order (Doc. # 416 and Doc. # 454) within forty-five (45) days to make a determination regarding Plaintiff's risk to re-offend. Once Plaintiff has a hearing with the proper procedural due process protections in place, the Psychological Review Panel will make a determination regarding Plaintiff's risk to re-offend which will in turn determine whether Plaintiff can appear before the parole board. This injunction is narrowly tailored to remedy the specific harm alleged by Plaintiff.

## IV. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that the District Judge enter an Order **GRANTING** Plaintiff's Motion for Preliminary Injunction (Doc. # 442) as follows: An injunction shall issue requiring that Plaintiff receive a hearing before the Psychological Review

11

Panel within forty-five (45) days with all of the procedural protections outlined in the court's order (Doc. # 416 and Doc. # 454) under *Wolff v. McDonnell* to determine Plaintiff's risk to re-offend.

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, specific written objections to this Report and Recommendation within fourteen (14) days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1), Fed. R. Civ. P., should not be filed until entry of the District Court's judgment.

DATED: October 28, 2010.

_____
UNITED STATES MAGISTRATE JUDGE