UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

KEVIN LYNN FERNANDEZ,  )
            Plaintiff,           )   3:06-cv-0628-LRH-RAM
v.                              )
                                )   ORDER
STATE OF NEVADA, et al.,        )
            Defendants.         )

Before the court are plaintiff Kevin Lynn Fernandez's ("Fernandez") motion for a temporary restraining order (Doc. #514[1]) and motion for preliminary injunction (Doc. #515) filed on November 22, 2010.

**I.   Facts and Procedural History**

In 1985, Fernandez was convicted of a single count of sexual assault. He was released on parole in 1992. In 1997, while Fernandez was on parole, the Nevada State Legislature enacted NRS § 213.1214 which eliminates the possibility of parole for a prisoner who is classified as having a high risk to re-offend if the prisoner committed a crime enumerated in the statute.[2]

Fernandez violated his parole in 2003. In 2006, he went before a psychological review

---

[1] Refers to the court's docket entry number.

[2] It is uncontested that Fernandez was originally convicted of one of the enumerated offenses.

panel to determine whether he presented a high risk to re-offend. The panel labeled Fernandez as an inmate with a high risk to re-offend pursuant to NRS § 213.1214 which consequently precluded him from parole eligibility in 2008.

Fernandez filed a prisoner civil rights complaint against defendants alleging several causes of action including a procedural Due Process claim for his classification as an inmate possessing a high-risk to re-offend. Doc. #5. Defendants moved for summary judgment which the court granted as to all claims except for Fernandez's procedural due process claim. Doc. #454. Thereafter, Fernandez filed the present motions for a temporary restraining order, or in the alternative, a preliminary injunction transferring him from High Desert State Prison in Indian Springs, Nevada, to another facility in northern Nevada pending his trial currently scheduled for March 8, 2011.

**II.    Discussion**

The same legal standard applies to temporary restraining orders and preliminary injunctions sought pursuant to Federal Rule of Civil Procedure 65. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (noting that the analysis applied to temporary restraining orders and preliminary injunctions is "substantially identical"). Rule 65 provides that a court may grant a temporary restraining order upon a showing of: (1) irreparable harm to the petitioning party; (2) the balance of equities weighs in petitioner's favor; (3) an injunction is in the public's interest; and (4) the likelihood of petitioner's success on the merits. *See* FED. R. CIV. P. 65; *Winter v. Natural Res. Def. Council, Inc.*, 129 S. Ct. 365, 376 (2008) (citations omitted). However, the purpose of a preliminary injunction is to preserve a party's rights pending resolution of the case. *E. & J. Gallo Winery v. Andina Licores S.A.*, 446 F.3d 984, 990 (9th Cir. 2006).

Here, Fernandez seeks a temporary restraining order/preliminary injunction because he feels that he is in immediate and imminent danger of severe injury or death by prison gangs because of the nature of his crimes and that the court should order his transfer to another facility pending trial. *See* Doc. #514.

1    Fernandez is seeking relief that is outside the scope of the issues being litigated. The only
2    remaining issue before the court in his current action is whether Fernandez received proper due
3    process at his March 1, 2006, psychological review panel hearing. His present safety concerns are
4    outside the scope of this litigation, and, as such, his concerns have no bearing on the issue of
5    whether he received proper due process. Therefore, Fernandez cannot establish that the present
6    motions are necessary to preserve his rights pending litigation. *See  E. & J. Gallo Winery*, 446 F.3d
7    at 990.

8    Additionally, the court notes that Fernandez's safety concerns have been addressed. In his
9    reply, Fernandez states that he has met with a case worker to discuss his safety concerns and he has
10   since been placed in administrative segregation for his protection. *See* Doc. #522. The court should
11   give deference to the administrative decisions of prison officials and should not interfere when
12   prison officials enact policies or practices that, in their judgment, are needed to preserve the
13   internal order and maintain institutional security. *See Jones v. North Carolina Prisoners' Labor
14   Union, Inc.*, 433 U.S. 119, 126 (1977); *Pell v. Procunier*, 417 U.S. 817, 827 (1974). Accordingly,
15   the court shall deny Fernandez's motions.

17   IT IS THEREFORE ORDERED that plaintiff's motion for a temporary restraining order
18   (Doc. #514) is DENIED.
19   IT IS FURTHER ORDERED that plaintiff's motion for a preliminary injunction
20   (Doc. #515) is DENIED.
21   IT IS SO ORDERED.
22   DATED this 15th day of January, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE