UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

KEVIN LYNN FERNANDEZ,

    Plaintiff,

v.

STATE OF NEVADA, et al.,

    Defendants.

3:06-cv-0628-LRH-RAM

ORDER

Before the court are plaintiff Kevin Lynn Fernandez's ("Fernandez") various motions including: (1) motion for the court to take judicial notice of facts for trial (Doc. #468[1]); motion for order of facts not in controversy (Doc. #469); motion to reconsider the magistrate's order (Doc. #490); motion to reconsider the court's order (Doc. #498); and motion to reconsider the court's screening order (Doc. #503).

**I.   Facts and Procedural History**

In 1985, Fernandez was convicted of a single count of sexual assault. He was released on parole in 1992. In 1997, while Fernandez was on parole, the Nevada State Legislature enacted NRS § 213.1214 which eliminates the possibility of parole for a prisoner who is classified as having a

---

[1] Refers to the court's docket entry number.

high risk to re-offend if the prisoner committed a crime enumerated in the statute.[2]

Fernandez violated his parole in 2003. In 2006, he went before a psychological review panel to determine whether he presented a high risk to re-offend. The panel labeled Fernandez as an inmate with a high risk to re-offend pursuant to NRS § 213.1214 which consequently precluded him from parole eligibility in 2008.

Fernandez subsequently filed a prisoner civil rights complaint against defendants alleging several causes of action including a procedural Due Process claim for his classification as an inmate possessing a high-risk to re-offend. Doc. #5. Defendants moved for summary judgment which the court granted as to all claims except for Fernandez's procedural due process claim. Doc. #454. Thereafter, Fernandez filed the present motions.

## II.     Motion to Take Judicial Notice (Doc. #468)

Fernandez requests the court take judicial notice of three categories of facts for trial: (1) the findings of the court in its previous orders; (2) the language of several Nevada statutes; and (3) certain Nevada Supreme Court opinions. *See* Doc. #468. The specific factual findings Fernandez requests the court take judicial notice of includes: (1) that on March 1, 2006 he was labeled a high risk sex offender; (2) that being labeled a high risk sex offender has stigmatizing consequences; (3) that being labeled a high risk sex offender made him ineligible for parole; (4) that being labeled a high risk sex offender implicates a liberty interest under the Constitution; (5) that being labeled is a significant hardship to prison life; (6) that he was labeled a high risk sex offender by the Nevada Psychological Review Panel; (7) that he could be labeled a high risk sex offender indefinitely; (8) the language of NRS 213.1214 and AR 813 do not provide an interval for review of a psychological review panel decision; (9) that he was denied parole in 2008; (10) that the label effects the duration of his sentence; and (11) he was entitled to specific due process procedures at the psychological review panel's hearing but that it was denied. *Id*.

---

[2] It is uncontested that Fernandez was originally convicted of one of the enumerated offenses.

2

1    The defendants do not oppose Fernandez's request for judicial notice as to the language of
2 the specific Nevada statutes at issue in this action[3] or the Nevada Supreme Court's decision in
3 *Stockmeier v. NDOC*, 135 P.3d 220 (Nev. 2006), applying the provisions of NRS 241.020 and
4 241.033 to the psychological review panel. Doc. #481. Further, the defendants do not oppose the
5 court taking judicial notice of its previous orders. *Id*. However, defendants oppose Fernandez's
6 motion insofar as Fernandez requests the court take judicial notice of his interpretation of the
7 court's factual findings and legal conclusions.

8    Every court takes judicial notice of its own records in the same action. *The Golden Gate v.*
9 *Marincovich*, 286 F. 105, 106 (9th Cir. 1923). However, that notice is limited to the facts and
10 holdings in the record and not an individual parties' interpretations of specific facts or legal
11 conclusions. *Id*. The majority of Fernandez's proposed facts for trial are interpretations of fact or
12 legal conclusions not found by this court. As such, the court shall not take judicial notice of these
13 requested facts. Accordingly, the court shall deny the motion as to Fernandez's second, third,
14 fourth, fifth, tenth and eleventh proposed judicial facts, and shall grant the motion as it relates to
15 the remaining judicially noticeable facts, statutes, and judicial opinion.

16 **III.    Motion for Order for Facts not in Controversy (Doc. #469)**

17    Fernandez requests an order from the court establishing the remaining issues for trial.
18 *See* Doc. #469. Fernandez argues that the parties interpretation of the court's report and
19 recommendation granting in-part and denying in-part defendants' motion for summary judgment
20 differs substantially and that an order from the court is needed to clarify its previous order.
21 Fernandez argues that the court did not address his facial substantive due process challenge and, as
22 such, this claim is still an issue for trial.

23    In opposition, defendants contend that the only issue for trial is whether Fernandez received
24 proper procedural due process at his March 1, 2006 psychological review panel hearing. The

---

[3] NRS §§ 213.1099, 213.130, 241.020, 241.033 and AR 740.

3

defendants' argue that Fernandez no longer has any substantial due process claims left in this action and therefore, his present motion to have the court identify the remaining issues for trial should be denied.

On September 20, 2010, the court issued an order clarifying the remaining issues for trial in response to Fernandez's motion in limine. Doc. #493. In that order, this court stated:

> The court takes this opportunity to clearly and unequivocally identify Fernandez's only remaining claim for trial; his procedural due process claim. In the court's order granting in-part and denying in-part defendants' motion for summary judgment, the court denied the motion only as to Fernandez's procedural due process claim because the court found that Fernandez had raised genuine issues of material fact as to whether he received adequate notice of his hearing before the psychological review panel and whether he had an opportunity to call witnesses on his behalf. *See* Doc. #454. The court specifically noted that only his procedural due process claim remained in this action. He has no other claims pending before the court. All of his other claims, including his substantive due process challenge that NRS § 213.1214 is unconstitutional and his challenge of the reasons underlying the panel's decision have been dismissed. Thus, the only claim remaining for trial is Fernandez's procedural due process claim relating to whether or not he received appropriate process before being labeled a high risk sex offender by the psychological review panel.

Doc. #493. The court has already issued an order identifying the only remaining issue for trial: Fernandez's procedural due process claim. Accordingly, the court shall deny the motion as moot.

**IV.    Motion to Reconsider Magistrate's Order (Doc. #490)**

Fernandez challenges the magistrate judge's order (Doc. #480) denying his motion to amend to file a fourth amended complaint. Local Rule IB 3-1 authorizes a district judge to reconsider any pretrial matter referred to a magistrate judge pursuant to LR IB 1-3 where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law. Here, Fernandez argues that the magistrate's order was in error because (1) this action was not referred to the magistrate judge, and (2) the motion to amend was dispositive in nature and, as such, was out of a magistrate judge's purview. *See* Doc. #490.

The court finds that Fernandez's arguments are without merit. First, this action was properly referred to the magistrate judge pursuant to LR IB 1-3 which provides that "a magistrate

4

1 jduge may hear and finally determine any pretrial matter not specifically enumerated as an
2 exception in 28 U.S.C. § 636(b)(1)(A)." Because Fernandez's motion to amend is not an
3 enumerated exception under 28 U.S.C. § 636(b)(1)(A), the magistrate had authority to decide the
4 motion and issue an appropriate order. Second, a motion to amend is not a dispositive motion
5 because by its nature it only seeks to add or amend claims or party's rather than dismiss the action
6 in its entirety. Thus, the court finds that Fernandez has failed to show how the magistrate judge's
7 order is either contrary to law or clearly erroneous. Accordingly, the court shall affirm the
8 magistrate's order and deny Fernandez's motion for reconsideration.

**V.      Motion to Reconsider Court's Order (Doc. #498)**

Fernandez requests the court reconsider its order on his motion in limine (Doc. #493) in which the court held that the only issue left for trial was Fernandez's procedural due process claim. In that order, this court held that, "the only claim remaining for trial is Fernandez's procedural due process claim relating to whether or not he received appropriate process before being labeled a high risk offender by the psychological review panel." Doc. #493. Fernandez argues that the court's order should be reconsidered because he still has a viable facial substantive due process claim remaining in this action. *See* Doc. #498.

The court has already foreclosed Fernandez's argument that he was a facial substantive due process claim arising from a constitutionally protected liberty interest in this action. *See* Doc. #416 ("the court finds that Defendants' actions were not clearly arbitrary or unreasonable. Furthermore, even if Plaintiff could establish a substantive due process violation, Defendants are entitled to qualified immuity..."); *see also* Doc. #493. Further, Fernandez has provided no legal or factual support warranting reconsideration of the court's clarification order. *See United States v. Cuddy*, 147 F.3d 1111, 1114 (9th Cir. 1998) (holding that a previous order may be reconsidered when the decision is clearly erroneous, there has been an intervening change of law, or there is manifest injustice). Accordingly the court shall deny Fernandez's motion for reconsideration.

**VI.    Motion to Reconsider Screening Order (Doc. #503)**

On July 21, 2009, the court issued a screening order of Fernandez's third amended complaint pursuant to 28 U.S.C. § 1915(a). Doc. #337. In that order, the court dismissed Fernandez's first cause of action for an Ex Post Facto violation regarding the application of NRS 213.1214 to his certification and parole eligibility. *Id*. Specifically, the court, relying on *Land v. Lawrence*, 815 F. Supp. 1351 (D. Nev. 1993), found that requiring Fernandez to be certified before the psychological review panel prior to parole did not constitute an additional punishment in violation of the Ex Post Facto clause of the Constitution. *Id*.

Here, Fernandez argues that reconsideration is warranted because there has been an intervening change of law. *See United States v. Cuddy*, 147 F.3d 1111, 1114 (9th Cir. 1998) (holding that a previous order may be reconsidered when the decision is clearly erroneous, there has been an intervening change of law, or there is manifest injustice). On January 15, 2010, the Ninth Circuit issued an opinion in *Moor v. Palmer*, 603 F.3d 658 (9th Cir. 2010), which addressed the appropriate standard for Ex Post Facto examination of the application of NRS 213.1214 to a parole revocation criminal.

The court has reviewed the *Moor* decision and finds that it does not constitute an intervening change of law warranting reconsideration. In *Moor*, the Ninth Circuit held that the application of NRS 213.1214 to a parole revocation criminal, like Fernandez, does not violate the Ex Post Facto clause because it "does not create a significant risk of increased punishment on its face." 603 F.3d at 666. Although the court in its screening order relied on the additional punishment standard of *Land*, the *Moor* standard of whether the statute creates a significant risk of increased punishment does not change the outcome of the court's screening order. *Moor* holds that the application of NRS 213.1214 to a parole revocation prisoner does not violate the Ex Post Facto clause as a matter of law. Therefore, applying *Moor*, Fernandez's Ex Post Facto claim would still be denied. Accordingly, the court shall deny Fernandez's motion for reconsideration.

6

IT IS THEREFORE ORDERED the plaintiff's motion for judicial notice (Doc. #468) is GRANTED in-part and DENIED in-part. The court shall take judicial notice of NRS §§ 213.1099, 213.130, 241.020, 241.033; AR 740; *Stockmeier v. NDOC*, 135 P.3d 220 (Nev. 2006); the court's record in this action; and the following judicially noticeable facts: (1) that on March 1, 2006, Kevin Lynn Fernandez was labeled a high risk sex offender by the Nevada Psychological Review Panel; and (2) that Kevin Lynn Fernandez was denied parole from the Nevada Department of Corrections in 2008.

IT IS FURTHER ORDERED that plaintiff's motion for an order specifying uncontroverted facts (Doc. #469) is DENIED as moot.

IT IS FURTHER ORDERED that defendants' motion to extend time (Doc. #475) is DENIED as moot.

IT IS FURTHER ORDERED that plaintiff's motion to reconsider the magistrate's order (Doc. #490) is DENIED. The magistrate judge's order (Doc. #480) denying plaintiff's motion to amend is AFFIRMED.

IT IS FURTHER ORDERED that plaintiff's motion for reconsideration of the court's clarification order (Doc. #498) is DENIED.

IT IS FURTHER ORDERED that plaintiff's motion for reconsideration of the court's screening order (Doc. #503) is DENIED.

IT IS SO ORDERED.

DATED this 15th day of January, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE