1

2

3

4

5

6                          UNITED STATES DISTRICT COURT

7                                DISTRICT OF NEVADA

8                                        * * *
                                           )
9    KEVIN LYNN FERNANDEZ,                 )
                                           )
10              Plaintiff,                  )            3:06-cv-0628-LRH-RAM
                                           )
11   v.                                     )
                                           )            ORDER
12   STATE OF NEVADA, et al.,               )
                                           )
13              Defendants.                 )
     ——————————————————————                 )

14

15          Before the court are plaintiff Kevin Lynn Fernandez's ("Fernandez") motion to stay the

16   execution of the magistrate judge's order unsealing portions of the record (Doc. #504[1]); motion for

17   leave to file supplemental points and authorities in support of motion to transport (Doc. #528);

18   motion to reconsider order denying motion for judicial notice (Doc. #530); motion to extend time

19   to file pretrial brief (Doc. #531); and motion for leave to file supplemental points and authorities in

20   support of motion to stay the execution of magistrate judge's order (Doc. #538).

21   **I.      Facts and Procedural History**

22          In 1985, Fernandez was convicted of a single count of sexual assault. He was released on

23   parole in 1992. In 1997, while Fernandez was on parole, the Nevada State Legislature enacted

24   NRS § 213.1214 which eliminates the possibility of parole for a prisoner who is classified as

25   ————————————————

26          [1] Refers to the court's docket entry number.

1    having a high risk to re-offend if the prisoner committed a crime enumerated in the statute.[2]

2          Fernandez violated his parole in 2003. In 2006, he went before a psychological review panel

3    to determine whether he presented a high risk to re-offend. The panel labeled Fernandez as an

4    inmate with a high risk to re-offend pursuant to NRS § 213.1214 which consequently precluded

5    him from parole eligibility in 2008.

6          Fernandez subsequently filed a prisoner civil rights complaint against defendants alleging

7    several causes of action including a procedural Due Process claim for his classification as an

8    inmate possessing a high-risk to re-offend. Doc. #5. Defendants moved for summary judgment

9    which the court granted as to all claims except for Fernandez's procedural due process claim.

10   Doc. #454. Thereafter, Fernandez filed the present motions.

11   **II.      Motion to Stay (Doc. #504)**

12         Fernandez requests the court stay execution of the magistrate judge's order unsealing

13   portions of the record in this action (Doc. #501) pending any appeal filed at the termination of this

14   action. *See* Doc. #504. The court has reviewed the documents and pleadings on file in this matter

15   and finds that Fernandez's motion is without merit. The magistrate judge issued an appropriate

16   order unsealing portions of the record in this action that were initially sealed in error. Accordingly,

17   the court shall deny Fernandez's motion to stay.

18   **III.     Motion to File Supplement (Doc. #528)**

19         Fernandez requests leave to file supplemental points and authorities in support of his

20   motion for transportation (Doc. #508). *See* Doc. #528. On January 18, 2011, a full week before

21   Fernandez filed the present motion, the court denied his motion for transportation. *See* Doc. #525.

22   Because the underlying order has already been addressed, the court shall deny Fernandez's motion

23   as moot.

24   ///

25

26        [2] It is uncontested that Fernandez was originally convicted of one of the enumerated offenses.

**IV.     Motion for Reconsideration (Doc. #530)**

Fernandez requests the court reconsider its order granting in-part and denying in-part his motion to take judicial notice of facts for trial and denying his motion for order of facts not in controversy (Doc. #527). *See* Doc. #530. Initially, Fernandez argues that the court erred in denying the motion for order of facts not in controversy because he contends that he still has a viable facial substantive due process claim remaining in this action. Second, Fernandez argues that the court failed to address one of his proposed facts in his motion to take judicial notice of facts for trial, namely "that NRS 213.1214 and AR 813 do not provide offenders appearing before the Psyche Panel any Due Process protections prior to being classified as a high risk to re-offend." Doc. #530.

The court has reviewed the documents and pleadings on file in this matter and finds that reconsideration of the court's order is not warranted. First, the court notes that the issue of whether Fernandez has a substantive due process remaining in this action has been addressed in depth by this court on multiple occasions and found to be without merit. *See* Doc. ##493, 527. Further, Fernandez fails to proffer any new evidence or legal authority that was not before the court in its previous orders. As such, reconsideration is not warranted. *See e.g., Brown v. Kinross Gold, U.S.A.*, 378 F.Supp.2d 1280, 1288 (D. Nev. 2005) ("reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled.").

Second, as to Fernandez's argument concerning his proposed judicially noticeable fact, the court finds that it did address the proposed fact in its previous order. In that order, the court found that taking judicial notice of facts "is limited to the facts and holdings in the record and not an individual party's interpretations of specific facts or legal conclusions." Doc. #527 (citing *The Golden Gate v. Marincovich*, 286 F. 105, 106 (9th Cir. 1923)). Because Fernandez's proposed judicial fact "that NRS 213.1214 and AR 813 do not provide offenders appearing before the Psyche Panel any Due Process protections prior to being classified as a high risk to re-offend" is a legal conclusion, the court could not and did not take judicial notice of it.

3

1    **V.    Motion to Extend Time (Doc. #531)**

2         Fernandez requests an extension of time to file his pretrial brief in light of ongoing

3    settlement negotiations between himself and defendants. *See* Doc. #531. The court is cognizant of

4    the ongoing settlement negotiations. Therefore, the court finds that there is good cause for an

5    extension of time to file the pretrial brief for a period of thirty (30) days.

6    **VI.    Motion to File Supplemental Briefing (Doc. #538)**

7         Fernandez requests leave to file supplemental points and authorities in support of his

8    motion to stay execution of the magistrate's order (Doc. #504). *See* Doc. #538. The court has

9    reviewed the documents and pleadings on file in this matter and finds that supplemental briefing is

10   unnecessary. The court has already determined that the magistrate judge's order was appropriate.

11   Accordingly, the court shall deny Fernandez's motion to file supplemental briefing.

12

13        IT IS THEREFORE ORDERED that plaintiff's motion to stay (Doc. #504); motion to

14   reconsider (Doc. #530); and motion for leave to file supplemental points and authorities in support

15   of the motion to stay (Doc. #538) are DENIED.

16        IT IS FURTHER ORDERED that plaintiff's motion for leave to file supplemental points

17   and authorities in support of motion to transport (Doc. #528) is DENIED as moot.

18        IT IS FURTHER ORDERED that plaintiff's motion to extend time to file pretrial brief

19   (Doc. #531) is GRANTED. Plaintiff Kevin Fernandez shall have thirty (30) days after entry of this

20   order to file his pretrial brief.

21        IT IS SO ORDERED.

22        DATED this 6th day of September, 2011.

23

24        _____

25        LARRY R. HICKS
          UNITED STATES DISTRICT JUDGE

26

4