# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

KEVIN FERNANDEZ,                  )     3:06-cv-00628-LRH (WGC)
                                  )
        Plaintiff,                )     **ORDER**
                                  )
    vs.                           )
                                  )
STATE OF NEVADA, et. al.          )
                                  )
        Defendants.               )
_____)

Before the court are various motions filed by the parties in this action.

**(1) Doc. # 553**

Plaintiff has filed a motion to file *in camera* his submission of exhibits in support of his Motion for an Evidentiary Hearing and Limited Discovery (Doc. # 552), at a later date. (Doc. # 553.)

If and when Plaintiff seeks to file a specific document under seal or *in camera*, he may file a corresponding motion. He may not seek such relief in advance. Accordingly, his request (Doc. # 553) is **DENIED**.

**(2) Doc. # 554**

Plaintiff has filed a motion for the court to issue and serve subpoenas. (Doc. # 554.) He wants to subpoena documents he seeks to use at his evidentiary hearing in support of his motion to compel enforcement of the settlement agreement. (*Id.*) Specifically, he seeks documentation from his attorney's file. (*Id.*) Plaintiff's attorney, Jeffrey Blanck, has already been ordered to provide his file materials to Plaintiff, and Plaintiff admits he received two (2) boxes of documents from Mr. Blanck. (Doc. # 561, Doc. # 578 at 2.) Therefore, Doc. # 554 is **DENIED AS MOOT**.

**(3) Doc. # 557**

Defendants have filed a motion for enlargement of time to respond to Plaintiff's motion for an evidentiary hearing and limited discovery (Doc. # 552). (Doc. # 557.) They seek an extension to respond for fourteen (14) days after Plaintiff files his motion to enforce the settlement agreement. (*Id.*)

Plaintiff filed his motion to enforce the settlement agreement on September 22, 2011. (Doc. # 564.) Defendants have not responded to Doc. # 552 or Doc. # 564. Defendants have, however, filed their own motion to enforce the settlement agreement (Doc. # 577.) In addition, the court has concurrently issued a Report & Recommendation that Plaintiff's motion for an evidentiary hearing and limited discovery be denied. Therefore, Defendants' request is **DENIED AS MOOT**.

**(4) Doc. # 561**

Plaintiff has filed a motion for the court to issue and serve subpoenas related to two (2) boxes of legal documents that Plaintiff's counsel, Jeffrey Blanck, sent to the prison but he did not receive. (Doc. # 561.) Plaintiff admits that he has received these two (2) boxes of documents. (Doc. # 578 at 2.) Therefore, Doc. # 561 is **DENIED AS MOOT**.

**(5) Doc. # 565**

Plaintiff has filed a motion for leave to file exhibits in support of his memorandum in support of his motion to compel enforcement of the settlement agreement, after limited discovery is conducted and after the court rule's on his motion to enjoin Defendants from transferring Plaintiff to any other prison. (Doc. # 565.)

The court has concurrently recommended denial of Plaintiff's request to conduct limited discovery. Moreover, his request is predicated on gaining possession of his legal files, which Plaintiff has already indicated he has. Accordingly, this motion (Doc. # 565) is **DENIED AS MOOT**.

///

2

**(6) Doc. # 566**

Plaintiff has filed an emergency motion for judicial intervention. (Doc. # 566.) Plaintiff summarily states that if he is transferred, he will be murdered, and therefore, Defendants should be precluded from transferring him to any other institution. (*Id.*) Plaintiff has not properly sought injunctive relief. As he is well aware by this point in the proceedings, a motion for injunctive relief requires an affirmative showing of a likelihood of success on the merits, irreparably injury, that the balance of hardships weighs in his favor, and that the public interest favors injunctive relief. *See Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008). Because Plaintiff has not appropriately sought the requested relief, this motion should be **DENIED WITHOUT PREJUDICE**.

**(7) Doc. # 569**

Plaintiff has filed a motion for enlargement of time to file his proposed findings of fact and conclusions of law and pretrial brief. (Doc. # 569.) The court has vacated the trial date in this matter, and concurrently with this order, there is a recommendation that the settlement agreement be enforced against Plaintiff. Accordingly, Plaintiff's motion (Doc. # 569) should be **DENIED AS MOOT**.

**(8) Doc. # 571**

Plaintiff has filed a motion to supplement his Motion to Compel Enforcement of the Settlement Agreement. (Doc. # 571.) Good cause appearing, the motion is **GRANTED**.

**(9) Doc. # 575**

Plaintiff has filed a motion to file the exhibits in support of his motion for an evidentiary hearing and limited discovery *in camera*. (Doc. # 575.) Plaintiff asserts that the documents contain attorney-client privileged information, that should be kept out of the public eye, yet he states that he is providing Defendants with a copy of the information so they will not be prejudiced. (*Id.*)

The court has reviewed the documents which Plaintiff seeks to file *in camera*.

1   Exhibit A is a February 3, 2011 letter from Alicia Lerud (Deputy Attorney General) to
2 Plaintiff regarding a draft of the settlement agreement. A copy of this exhibit has already been
3 lodged in the public domain at Doc. # 577-2 Ex. A.

4   Plaintiff references an Exhibit B but says it is in the possession of attorney Jeffrey
5 Blanck. (Doc. # 576-1 at 11.)

6   Exhibit C is another draft of the settlement agreement which has been produced by
7 Defendants at Doc. # 577-2 Ex. J.

8   Exhibit D is a letter from Plaintiff to attorney Jeffrey Blanck and notes from a March 31,
9 2011 telephone conversation with Mr. Blanck's office. It also contains a March 31, 2011 letter
10 from Plaintiff to Jeffrey Blanck.

11   Exhibit E is a grievance regarding Plaintiff's transfer to ESP.

12   Exhibit F is a July 19, 2011 letter from the Office of the Attorney General to Plaintiff.
13 This letter has been produced by Defendants at Doc. # 577-2 Ex. M. This exhibit also contains
14 an April 26, 2011 email from Alicia Lerud to Mr. Blanck's office which has been produced by
15 Defendants at Doc. # 577-2 Ex. K.

16   While Plaintiff seeks to file these exhibits *in camera*, the court cannot discern any
17 practical difference between the request to file the exhibit *in camera* as compared to filing it
18 under seal, and the objective of the motion is to keep the exhibit from public view. Therefore,
19 the court construes Plaintiff's request as one to file these exhibits under seal.

20   "Historically, courts have recognized a general right to inspect and copy public records
21 and documents, including judicial records and documents." *See Kamakana v. City and County*
22 *of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal quotation marks and citation
23 omitted). Documents that have been traditionally kept secret, including grand jury transcripts
24 and warrant materials in a pre-indictment investigation, come within an exception to the
25 general right of public access. *See id*. Otherwise, "a strong presumption in favor of access is the
26 starting point." *Id*. (internal quotation marks and citation omitted).

A motion to seal documents that are part of the judicial record, or filed in connection with a dispositive motion, as they are here, must meet the "compelling reasons" standard outlined in *Kamakana*. Thus, a party seeking to seal judicial records must show that "compelling reasons supported by specific factual findings…outweigh the general history of access and the public policies favoring disclosure." *Kamakana*, 447 F.3d at 1178-79.

Plaintiff's motion for an evidentiary hearing is connected with his motion to enforce the settlement agreement, which if granted, is case dispositive. Therefore, Plaintiff was required to meet the "compelling needs" standard in *Kamakana*.

The motion is **DENIED** with respect to **Exhibits A, C, and F**, which are already in the public record. The motion is also **DENIED** with respect to **Exhibit B** as Plaintiff did not file an actual exhibit. Exhibit D consists of confidential attorney-client communications, and although Plaintiff may have waived the privilege by providing these documents to Defendants, they do contain attorney-client communications and the court will **GRANT** Plaintiff's request to **seal Exhibit D**. Exhibit E consists of Plaintiff's grievance related to his transfer to ESP. His transfer to ESP is well documented in various motions filed by Plaintiff and Defendants, and the grievance contains no other confidential information. Accordingly, the request to seal **Exhibit E** is **DENIED**.

**(10) Doc. # 578**

Plaintiff has filed a motion to correct Doc. # 574, and for reconsideration of Doc. # 574. (Doc. # 578.) Specifically, Plaintiff seeks an order correcting or reconsidering the order directed to attorney Jeffrey Blanck to mail Plaintiff's legal files to him. He seems to argue that Mr. Blanck has not sent him the entirety of his legal file.

At the status conference on October 26, 2011, the court ordered Mr. Blanck to return Plaintiff's file to him. (Doc. # 574.) The Court was subsequently advised by Mr. Blanck that the file had been sent to Plaintiff at the North Dakota State Prison, where Plaintiff had previously been located. In light of this statement, the court ordered that Mr. Blanck was not required to take any further action.

1    The court ordered Mr. Blanck to send Plaintiff his file, which Mr. Blanck, as an officer
of the court, represented he did. The court cannot require any further action on behalf of Mr.
Blanck as he represents that he did in fact send the file to Plaintiff.

Accordingly, Plaintiff's motion (Doc. # 578) is **DENIED**.

**(11) Doc. # 579 and Doc. # 581**

Plaintiff has filed two motions for an extension of time to file his response to Defendants' Motion to Enforce the Settlement Agreement. (Doc. # 579 and Doc. # 581.) In the second request, Plaintiff sought up to and including January 31, 2012, to file his response. (Doc. # 581.) Plaintiff did file his response on January 30, 2011. (Doc. # 584.) Good cause appearing, Plaintiff's motion (Doc. # 581) is **GRANTED**, *nunc pro tunc*. Plaintiff's first request (Doc. # 579) is **DENIED AS MOOT**.

**(12) Doc. # 580**

Plaintiff has filed a motion to increase his copy limit. (Doc. # 580.) He seeks an increase of his copy work limit up to $900. (*Id.*)

On August 25, 2010, this court entered an order increasing Plaintiff's copy fee limit by an additional $150.00 for a total of $750.00. (Doc. # 480.) The order specifically stated, **"[t]his limit of $750.00 shall not change between now and the conclusion of this case, even if Plaintiff makes payments on previous copy charges**." (Doc. # 480.)

Plaintiff's current motion was filed on December 21, 2011, and he asserts that at that point his balance was at $716.50. He asserts that he needed to make copies of his response to Defendants' motion to enforce the settlement agreement, which would cost him $10.00. (*Id.*) This would have brought his limit to $726.50, leaving him a little under $25.00. (*Id.*) Plaintiff says he will need another $50.00 to copy the exhibits for his motion, and another $50.00 to $100.00 in copies for his appeal.

There is no justification set forth for another $50.00 for exhibits for his motion, especially when Plaintiff has already filed exhibits to his motion. At .10 per page, this would be 500 pages of exhibits. The court is simply not presented with a justification for what it deems

6

1 an excessive amount of exhibits for this motion. Moreover, to the extent Plaintiff needs to
2 exceed his copy limit with respect to his appeal, he can file an appropriate motion at that time.
3 Plaintiff's motion (Doc. # 580) is **DENIED**.

4 **(13) Doc. # 582**

5 Doc. # 582 is titled a Motion for Court Intervention, but is yet another request to enlarge
6 the time for Plaintiff to respond to Defendants' Motion to Enforce the Settlement Agreement.
7 (Doc. # 582.) In light of the court's ruling above, this motion is **DENIED AS MOOT**.

8 **(14) Doc. # 585**

9 Plaintiff has filed a motion for leave to file his response to Defendants' motion to enforce
10 the settlement agreement *in camera*. (Doc. # 585.) Plaintiff asserts that his response contains
11 confidential information which could put his safety at risk. (*Id*.)

12 As set forth above, in connection with a dispositive motion, such as a motion to enforce
13 a settlement agreement, Plaintiff must show compelling reasons for sealing his opposition. The
14 court has reviewed the opposition brief, and finds that it does not contain any information that
15 has not already been disclosed in the public record in Defendants' motion and other filings
16 made by both parties in this case. Moreover, Plaintiff has not pointed out any specific
17 information contained within his opposition that is confidential. Therefore, Plaintiff's blanket
18 request to seal his opposition is denied.

19 The opposition does contain exhibits which contain confidential information which
20 should be kept under seal.

21 Exhibit B (Doc. # 587 at 33-34) contains attorney-client communications
22 (notwithstanding a possible waiver due to disclosure to defense counsel), and should be kept
23 under seal.

24 Exhibit D (Doc. # 587 at 43-50) contains information regarding Plaintiff's classification
25 status at the North Dakota prison which may affect his safety and security. Therefore, it should
26 remain under seal.

27 Exhibit E (Doc. # 587 at 51-55) is a classification report from the prison in North Dakota

28

7

1  which contains confidential information regarding Plaintiff, which should be sealed.

2  Exhibit J (Doc. # 587 at 75-77), is an affidavit of Plaintiff's mother, Dorothy Bedell, which contains information related to Plaintiff's safety and security, and should be kept under seal.

The court does note that Exhibit K (Doc. # 587 at 78-80) to the opposition contains attorney-client communications, and should remain under seal.

Accordingly, Plaintiff's motion is **GRANTED as to Exhibits B, D, E, J, and K,** and is **otherwise DENIED**.

**IT IS SO ORDERED**.

DATED: February 9, 2012

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE

8