# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| KEVIN FERNANDEZ, | 3:06-cv-00628-LRH (WGC) |
| Plaintiff, | **ORDER** |
| vs. | |
| STATE OF NEVADA, et. al. | |
| Defendants. | |

Before the court is Plaintiff's Motion for Contempt of Court (Doc. # 593)[1] which Defendant opposed (Doc. # 598). Also before the court is Plaintiff's Motion for Sanctions on Jeffrey S. Blanck for Refusing to Send Plaintiff his Entire File. (Doc. # 599.)

In his Motion for Contempt of Court (Doc. # 593), Plaintiff requests that the court impose contempt sanctions on NDOC, its accounting department supervisor, and its Director, Greg Cox for violating the court's order regarding Plaintiff's copy limit. (*Id.*)

Defendants explain that Plaintiff was previously issued an order allowing a $750 copy limit, and High Desert State Prison recently refused to make his legal copies even though he had paid down his copy work account to below $750. (Doc. # 598 at 1.)

Defendants represent that they spoke with NDOC on February 17, 2012, regarding Plaintiff's copy work account, and a note was placed on the account indicating that Plaintiff has a $750.00 limit regardless of whether he pays down his copy work debt. (Doc. # 598 at 2.) Plaintiff was notified of this correction. (*Id.*)[2]

---

[1] Refers to court's docket number.

[2] The remedying of this situation is evidenced by Plaintiff's attempt to file in excess of 200 pages of exhibits in camera after this motion was filed. (*See* Doc. # 600 and Doc. # 601.)

1       The court agrees with Defendants that because the error regarding Plaintiff's copy work account has been rectified, Plaintiff's motion (Doc. # 593) is **DENIED**.

      Plaintiff has also filed a motion seeking to impose contempt sanctions on his former attorney, Jeffrey S. Blanck. (Doc. # 599.) Plaintiff asserts that Mr. Blanck refused to mail Plaintiff his entire file despite the court's order. (*Id*.) The court previously set this matter for a hearing. (*See* Doc. # 607.) The court has re-evaluated this motion, and deems that the issuance of a written order in lieu of a hearing is sufficient.

      The court previously ordered Mr. Blanck to send Plaintiff his file, which Mr. Blanck, as an officer of the court, represented he did. (*See* Doc. # 561, Doc. # 574 and Doc. # 578.) The court will not require any further action on behalf of Mr. Blanck as he represents that he did in fact send the file to Plaintiff.

      Plaintiff's motion (Doc. # 599) is **DENIED** and the hearing previously set for March 22, 2012, is **VACATED**.

**IT IS SO ORDERED**

DATED: March 1, 2012

                                             WILLIAM G. COBB
                                             UNITED STATES MAGISTRATE JUDGE