# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| KEVIN FERNANDEZ, | 3:06-cv-00628-LRH (WGC) |
| Plaintiff, | **ORDER** |
| vs. | |
| STATE OF NEVADA, et. al. | |
| Defendants. | |

Before the court is Plaintiff's motion for reconsideration of orders set forth in the court's docket as items 592 and 602. (Doc. # 616.) These pertinent portions of these orders relate to Plaintiff's requests to file certain documents in camera in support of his motion to compel enforcement of the settlement agreement and his response to Defendants' motion to enforce the settlement agreement.

In its February 9, 2012 Order (Doc. # 592), the court considered Plaintiff's motion to file in camera his submission of exhibits in support of a motion for evidentiary hearing and limited discovery, *at a later date*. (*See* Doc. # 592 and Doc. # 553.) The court instructed Plaintiff that when and if he sought to file a specific document under seal or in camera, he could file a corresponding motion, but he could not seek such relief in advance. (*See* Doc. # 592 at 1.)

When Plaintiff filed a motion that sought leave to file *specific* documents in camera (Doc. # 575), the court reviewed the documents Plaintiff sought to file in camera, and determined, with respect to each specific document, whether Plaintiff had met his burden for filing the documents in camera. (*See* Doc. # 592 at 3-5.) Consequently, certain documents were filed in camera, and certain were filed in the public record. (*Id*.)

Plaintiff filed a motion to file certain documents in camera in connection with his

1 | response to Defendants' motion to enforce the settlement agreement. (Doc. # 585.) The court
2 | conducted a review of the documents and determined that certain documents could be filed in
3 | camera, and certain document would be filed in the public record. (*See* Doc. # 592 at 7-8.)

4 | Finally, Plaintiff filed yet another motion for leave to file exhibits in camera in support
5 | of his motion to compel enforcement of the settlement agreement. (Doc. # 600.) In an order
6 | dated February 27, 2012, the court explained that Plaintiff had filed a motion seeking to file in
7 | excess of 200 pages of exhibits in support of his motion to compel enforcement of the
8 | settlement agreement in camera. (Doc. # 602.) Plaintiff's motion was filed on September 22,
9 | 2011, and Plaintiff was allowed to supplement his motion on several occasions (Doc. # 571 and
10 | Doc. # 592). (Doc. # 602.) The court denied the request as untimely, finding that Plaintiff
11 | failed to explain why he waited until February 24, 2012, to file an additional 200 pages in
12 | exhibits in support of his motion. (*Id.*)

13 | Federal Rule of Civil Procedure 60(b)(1) provides as follows: "On motion and just terms,
14 | the court may relieve a party or its legal representative from a final judgment, order, or
15 | proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable
16 | neglect..." Fed. R. Civ. P. 60 (b) (1).

17 | A motion for reconsideration should not merely present arguments previously raised.
18 | Stated another way, a motion for reconsideration is not to be used as a mechanism for the
19 | losing party to rehash unsuccessful arguments already presented. *See Maraziti v. Thorp*, 52
20 | F.3d 252, 255 (9th Cir. 1995) (citing *Ackermann v. United States*, 340 U.S. 193, 199-201
21 | (1950)).

22 | Plaintiff filed his motion to compel enforcement of the settlement agreement on
23 | September 22, 2011. (Doc. # 564.) Defendants filed their motion to enforce the settlement
24 | agreement on November 10, 2011. (Doc. # 577.) Plaintiff asserts that he did not receive
25 | documents he needed to support his motion from his prior counsel until November 18, 2011.
26 | (Doc. # 616 at 2.) He asserts that at the same time, he was experiencing problems accessing
27 | the law library. (*Id.*) Plaintiff states that because of his law library problems, he couldn't
28 |

determine which exhibits he needed for his motion or response to Defendants' motion. (*Id.*) Plaintiff then outlines a number of issues getting copies of the documents he wanted to submit as exhibits. (*Id.* at 2-3.)

Plaintiff states he was having problems with the law library, but admits he was in possession of the exhibits, his own motion and Defendants' motion. It is not clear why he could not determine, in November of 2011, what documents he needed to submit in support of his motion and his response to Defendants' motion. Moreover, when Plaintiff references having trouble with the law library, he identifies docket items 579 and 581. (*See* Doc. # 616 at 2.) These were Plaintiff's motions for an extension of time to file a response to Defendants' motion to enforce the settlement agreement, which motions for extension were granted by the court. (*See* Doc. # 592 at 6.) Indeed, Plaintiff filed his response to Defendant's motion on January 30, 2011. (Doc. # 584.) It is unclear why he did not submit the exhibits at that time, or prior thereto.

In sum, Plaintiff has failed to persuade the court that its original ruling was improper. Plaintiff has not demonstrated why he waited until the end of February, 2012, to file 200 pages of exhibits in support of his motion and opposition to Defendants' motion, when he had the exhibits in November, 2011, and was able to file his response to Defendants' motion on January 30, 2011. (Doc. # 584.) At some point, the briefing on this motion had to stop, so the court could make a determination of the pending motions. In light of numerous extensions and supplemental briefing granted, the briefing schedule far exceeded that outlined in the local rules. Under Plaintiff's logic, he can continue to submit documents in support of his position until he sees fit to stop. That is not envisioned by the Federal Rules of Civil Procedure, nor the local rules. Plaintiff was given ample opportunity, through several extensions of time and opportunities to supplement his briefing, and the court declines to reconsider its order in this regard.

///
///

3

1 | Accordingly, Plaintiff's motion (Doc. # 616) is **DENIED**.

**IT IS SO ORDERED**

DATED: April 4, 2012.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE