# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

KEVIN FERNANDEZ,                ) 3:06-cv-00628-LRH (WGC)
                                )
        Plaintiff,              ) **ORDER**
                                )
vs.                             )
                                )
STATE OF NEVADA, et. al.        )
                                )
        Defendants.             )
_____)

Before the court is Plaintiff's Motion for Reconsideration and/or Alternatively Motion to Review Order. (Doc. # 615.) Plaintiff moves the court to reconsider its Order set forth at Doc. # 606. (*Id.*)

That Order dealt with Plaintiff's Motion for Leave to File Supplementary Points and Authorities in Support of Motion to Compel Enforcement of the Settlement Agreement (Doc. # 604). (*See* Doc. # 606.) The court interpreted Plaintiff's motion as seeking leave to supplement his motion to compel enforcement of the settlement agreement to assert an alternate theory of breach of contract. (*See id.*) The court denied Plaintiff's motion, stating that if Plaintiff sought to assert that Defendants *breached* the settlement agreement (as opposed to an effort to *enforce* the settlement agreement), such a claim should be brought in a separate action. (*See* Doc. # 606.)

Federal Rule of Civil Procedure 60(b)(1) provides as follows: "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect..." Fed. R. Civ. P. 60 (b) (1).

A motion for reconsideration should not merely present arguments previously raised.

Stated another way, a motion for reconsideration is not to be used as a mechanism for the losing party to rehash unsuccessful arguments already presented. *See Maraziti v. Thorp*, 52 F.3d 252, 255 (9th Cir. 1995) (citing *Ackermann v. United States*, 340 U.S. 193, 199-201 (1950)).

Plaintiff asserts that his motion was not seeking to assert a breach of contract theory, but sought to enforce the settlement agreement. Plaintiff had already filed a motion to enforce the settlement agreement (Doc. # 564), and briefing had been closed for some time. Moreover, the court previously granted Plaintiff's request to supplement his motion to compel enforcement of the settlement agreement (Doc. # 571). (*See* Doc. # 592 at 3.) The court has issued a Report and Recommendation on Plaintiff's motion to enforce the settlement agreement, which is currently pending before the District Court. (*See* Doc. # 610.)

Plaintiff fails to present any new argument showing why the court's decision was improper. Accordingly, Plaintiff's motion (Doc. # 615) is **DENIED**.

**IT IS SO ORDERED**

DATED: April 4, 2012.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE

2