UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

KEVIN LYNN FERNANDEZ,

    Plaintiff,      3:06-cv-0628-LRH-WGC

v.

STATE OF NEVADA, et al.,      ORDER

    Defendants.

Before the court is defendant the State of Nevada's motion to dismiss this action with prejudice pursuant to an enforced settlement agreement. Doc. #661.[1]

In 1985, Fernandez was convicted of a single count of sexual assault. He was released on parole in 1992. In 1997, while Fernandez was on parole, the Nevada State Legislature enacted NRS § 213.1214 which eliminates the possibility of parole for a prisoner who is classified as having a high risk to re-offend if the prisoner committed a crime enumerated in the statute.[2]

Fernandez violated his parole in 2003. In 2006, he went before a psychological review panel to determine whether he presented a high risk to re-offend. The panel labeled Fernandez as an inmate with a high risk to re-offend pursuant to NRS § 213.1214 which consequently precluded

---

[1] Refers to the court's docket number.

[2] It is uncontested that Fernandez was originally convicted of one of the enumerated offenses.

1  him from parole eligibility in 2008.

2  Fernandez subsequently filed a prisoner civil rights complaint against defendants alleging several causes of action including a procedural Due Process claim for his classification as an inmate possessing a high-risk to re-offend. Doc. #5. During the pendency of his action the parties reached a settlement agreement in which plaintiff Fernandez agreed to stipulate to dismiss this action and the State of Nevada agreed to provide Fernandez with a hearing before the Psychological Review Panel. However, after reaching a settlement, Fernandez refused to stipulate to dismissing this action.

Subsequently, the State of Nevada filed a motion to enforce settlement agreement. Doc. #577. The Magistrate Judge who oversaw the settlement negotiations and agreement issued a report and recommendation granting the motion. Doc. #610. On August 13, 2012, the court adopted the report and recommendation enforcing the settlement agreement. Doc. #660. Thereafter, the State of Nevada filed the present motion to dismiss this action with prejudice pursuant to the court's order enforcing the settlement agreement and Fernandez' continued refusal to stipulate to dismissal. Doc. #661.

The court has reviewed the documents and pleadings on file in this matter and finds that dismissal of this action is warranted in light of the settlement agreement between the parties and the court's order enforcing the settlement agreement. In his opposition, Fernandez opposes the motion on the grounds that he has initiated an interlocutory appeal of the court's order enforcing the settlement agreement. Doc. #674. However, Fernandez' interlocutory appeal is improper until a final order of judgment is issued in this matter. Therefore, the court finds that the appropriate action in this matter is to grant the motion to dismiss and dismiss this action to allow Fernandez' appeal to proceed without further interruption. Accordingly, the court shall grant the State of Nevada's motion.

///

IT IS THEREFORE ORDERED the defendants' motion to dismiss with prejudice (Doc. #661) is GRANTED. This action is DISMISSED in its entirety WITH PREJUDICE.

IT IS FURTHER ORDERED that all outstanding motions (Doc. ##644, 645, 646, 647, 649, 650, 651, 654, 656, 657, 658, 663, 665, 687, and 695) are DENIED as moot.

IT IS SO ORDERED.

DATED this 8th day of March, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE